GULF, COLORADO AND SANTA FE RAILWAY COMPANY. v. J. S. McMURROUGH.

Decided December 21, 1905.

**1.—Declarations of Agent—Hearsay.**

The declarations of an agent made some time after the act complained of are, as against his principal, hearsay and inadmissible.

**2.—Suit by Part Owner—Pleading.**

Plaintiff alleged in his petition that he was the owner of the crops de-

stroyed. On the trial he testified that he owned one-half the crop and the tenant the other half. Held, plaintiff was only entitled to recover damages for his interest in the crop destroyed.

**3.—Damage to Crop—Measure of Damage.**

The measure of damage to a standing crop is the market value of the product less the expense of harvesting it.

**4.—Duty to Lessen Damage.**

One injured by the wrongful act of another is required to use reasonable diligence and exercise ordinary care to protect himself from damage.

**5.—Wrongdoer—Duty to Repair.**

It was the duty of defendant, having torn down plaintiff's fence, to rebuild it in as good condition as it was before torn down, but not to make it better.

Appeal from the County Court of Montgomery County. Tried below before Hon. J. T. Rucks.

*J. W. Terry* and *A. H. Culwell,* for appellant.—The testimony of Smith was inadmissible, because it was not made to appear that, at the time the alleged declarations were made, Smith was an agent of the defendant. It appears that the same was made long after the acts complained of, and it is not shown that, at the time of these conversations, the man Smith was in the performance of any duty owed to the appellant company, or that he was an agent thereof, and authorized to bind the railway company by any admission or declaration. Chicago, R. I. & T. Ry. Co. v. Yarborough, 35 S. W. Rep., 422; Western U. Tel. Co. v. Wofford, 42 S. W. Rep., 119.

The plaintiff was not entitled to recover for any injury sustained by the tenant, and the evidence in this case showing that the tenant had an interest in the crop, the recovery should have been limited to any loss sustained by the plaintiff. Gulf, C. & S. F. Ry. Co. v. Simonton, 2 Texas Civ. App., 562; Gulf, C. & S. F. Ry. Co. v. McGowen, 11 S. W. Rep., 336; also 8 S. W. Rep., 57.

That it was the duty of the plaintiff to minimize the loss: Gulf, C. & S. F. Ry. Co. v. Simonton, 2 Texas Civ. App., 562.

On the measure of damages: International & G. N. Ry. Co. v. Pape, 11 S. W. Rep., 526; Galveston, H. & S. A. Ry. Co. v. Borsky, 2 Texas Civ. App., 546.

No brief for appellee.

REESE, ASSOCIATE JUSTICE.—Appellee filed this suit in the County Court of Montgomery County, alleging that prior to July, 1903, his premises along the line of the appellant company were inclosed with an ample and sufficient fence, which protected the same from depredation of live stock; that in July, 1903, the agents of the appellant cut off and tore down about twenty feet of such wire which joined appellee's fence to that of appellant, and by reason thereof stock depredated upon his crops and destroyed the same, to his damage in the sum of $360.

Appellant answered by general and special exception, general denial,

and specially that this injury, if any, was the result of the negligence of the plaintiff in alowing the opening in the fence to remain and permitting the crops to be exposed to depredation; that he could have repaired the fence and saved the crop from injury.

Cause was tried before a jury, and resulted in verdict being rendered in favor of the plaintiff December 9, 1904, in the sum of $125. From judgment for this amount, its motion for new trial having been overruled, defendant appeals.

There are no briefs on file for appellee. The objections of appellant to the evidence as to the statements of Smith, the appellant's section foreman, to the effect that he had torn down appellee's fence should have been sustained. These statements were made some time after the act complained of, and Smith's statements, as against appellant, were hearsay. Appellee could not be bound by his admissions, even although Smith continued in its employment as its section boss. (International & G. N. Ry. Co. v. Ragsdale, 67 Texas, 27; Missouri Pac. Ry. Co. v. Sherwood, Thompson & Co., 84 Texas, 136.)

Appellee alleged in his petition that he was the owner of the land, and of the crop growing thereon, which he claims was destroyed by cattle which got into the enclosure through the opening left by appellant's servants and agents. Upon his examination as a witness he testified that the land was worked by Zack Jones on shares. Appellee furnished the team and tools, and Jones owned one-half of the crop and appellee the other half.

Appellee testified further that, after the crop was destroyed, he told Zack Jones that he was going to put in his claim against the railway company for his one-half of the crop, and that if the company paid him for his half, he, Jones, and the railway company could settle for his half. Jones then told appellee to take charge of the whole claim, appellee's as well as his, and settle it by suit or otherwise with the company, and pay him one-half of the recovery, dividing the amount of recovery on the same basis as the crop was to be divided.

This was not the case made by the petition. Appellee sued for the destruction of a crop belonging wholly to himself, making no reference to Jones' interest. Under the petition he was not entitled to recover damages for the destruction of Jones' half, but only for his own. The charges requested by appellant to this effect should have been given.

The charge on the measure of damages was proper. The jury could have found the market value of the standing corn from the evidence as to the market value of corn and the cost of harvesting it. The evidence showed that nothing else was to be done to market it except to gather the corn.

The appellee was only required to exercise ordinary care in repairing his fence so as to keep out stock after it had been torn down by appellant. If he was at the time so sick as to be unable to repair it himself, or to attend to having it done by someone, there is no absolute rule that required him to do so. He was required to use reasonable diligence and exercise ordinary care to protect himself from damages on account of the wrongful act of appellant. Any failure to do so would have been contributory negligence on his part, and the appellant, if liable at all, would only be liable for such damage to the crop as could not have been

prevented by the exercise of such care and diligence on the part of appellee. (Texas & St. L. R. R. Co. v. Young, 60 Texas, 202.)

The court instructed the jury that it was the duty of the agents and servants of appellant, if they tore down appellee's fence, to repair it or properly rebuild the fence so broken or taken down, in a sufficient manner to keep out stock. This was error, inasmuch as the previous condition of the fence is not considered. It was only the duty of appellant, under such circumstances, to put the fence in as good a condition as it was before it was interfered with. This objection to the charge is not presented by the assignments of error, but inasmuch as the judgment must be reversed on other grounds, we call attention to the error in order that it may not occur upon another trial.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*