### GALVESTON ELECTRIC COMPANY v. A. T. DICKEY.

Decided March 4, 1910.

**1.—Personal Injuries—Pleading—Charge.**

In a suit to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, if the plaintiff's petition specifies the particular acts of negligence relied on, no other acts of negligence should be submitted to the jury as ground of recovery. In such a suit, charge considered, and held subject to the objection that it failed to submit to the jury the specific grounds of negligence alleged in plaintiff's petition, but in general terms instructed a verdict for the plaintiff if the negligence of the defendant was the proximate cause of the injury.

**2.—Master and Servant—Admission of Servant—When not Admissible.**

In a suit for damages for personal injuries received while alighting from a street car about nine o'clock in the morning, testimony as to a statement of the conductor made in the afternoon of the same day as to how the accident occurred would not be admissible as part of the res gestae, nor as an admission that the witness was authorized to make, nor would it be admissible for the purpose of contradicting or impeaching the conductor in the absence of a predicate for that purpose.

Appeal from the District Court of Galveston County. Tried below before Hon. Lewis Fisher.

*Terry, Cavin & Mills,* for appellant.—That the charge must conform to the pleadings and submit to the jury the very issues made thereby, and none other, is a rule so firmly established that authorities in support of it need not be cited. The only question here is whether the charge now complained of violates that rule.

In International & G. N. R. Co. v. Eason, 35 S. W., 209, a case in which the specific acts of negligence were set up in the petition, the court held: "The specific acts of negligence having been set forth, the charge should have been confined to those acts."

In McCarty v. Houston & T. C. Ry. Co., 21 Texas Civ. App., 575, the court said: "We are also of the opinion that the court should have submitted to the jury each ground of recovery which was made an issue in the pleadings and found support in the evidence. This the court did not clearly and distinctly do."

The statements of O. M. Palmer, conductor, detailed by Mrs. Dickey, were no part of the *res gestae,* and said O. M. Palmer was no such agent, representative or employe of appellant as that his statements made after the transaction would be admissible in evidence against the appellant as admissions against interest. McAlpin v. Cassidy, 17 Texas, 450; International & G. N. R. Co. v. Ragsdale, 67 Texas, 24; Chicago, R. I. & T. Ry. Co. v. Yarbrough, 35 S. W., 422; Gulf, C. & S. F. Ry. Co. v. Southwick, 30 S. W., 592; Belo v. Fuller, 84 Texas, 450; City of Austin v. Forbis, 13 Texas Ct. Rep., 818; Western U. Tel. Co. v. Wofford, 42 S. W., 119.

If the statements of said O. M. Palmer, testified to by said Mrs. A. T. Dickey, were offered for the purpose of impeaching the testimony of said O. M. Palmer, who testified as a witness for the appellant, then her testimony detailing said statements was not admissible in evidence, because no predicate whatever has been laid for introducing evidence of such statements as impeaching evidence by asking the witness, Palmer, if he had ever made any such statements to Mrs. Dickey. Ayres v. Duprey, 27 Texas, 599, 600; Cabell v. Holloway, 10 Texas Civ. App., 307, 310.

*Marsene Johnson,* for appellee.

PLEASANTS, CHIEF JUSTICE.—The following sufficient statement of the nature and result of this suit is copied from appellant's brief:

"This is a suit brought by the appellee against the appellant to recover damages alleged to consist of money expended for medicines, surgical appliances, nurses and physicians, and the value of the services of his wife as a nurse, appellee alleging that all said damages resulted from injuries alleged to have been negligently inflicted by the appellant upon his minor child while a passenger upon one of the appellant's street cars in the city of Galveston, November 18, 1906. After alleging that on said date appellee's three minor children were passengers on one of defendant's street cars, the particular acts of

negligence relied upon by the appellee are set out in his petition as follows:

"And plaintiff further alleges that the eldest of his said children got safely off said street car when it stopped, and that the conductor of said car, who was then and there the servant and employe of defendant, took hold of the youngest one of plaintiff's said children under her arms and negligently swung plaintiff's said child around off said car over the pavement, and negligently, without using any care whatever, permitted plaintiff's said child to fall from his hands, a distance of several feet, on to said pavement, causing her to sustain the injuries hereinafter set out. And plaintiff further alleges that said conductor of said street car did not leave the platform, and descend to the pavement, before attempting to assist the youngest child of plaintiff, as aforesaid, who was and is a tender child under the age of four years, to alight from said car, but that defendant's conductor did, in a grossly negligent manner and without using even ordinary care, raise the plaintiff's said child under her two arms, with her back towards him, and swing her around over the pavement and drop her thereon."

Appellant answered by general denial, and plea of not guilty, and plea of contributory negligence on the part of the parents of appellee's child in permitting her to travel on its street cars without proper attendants.

The cause was tried by a jury October 12, 1908, and resulted in a verdict and judgment in favor of appellee against appellant for $318.50.

The first assignment of error complains of the charge of the court on the ground that it fails to submit to the jury the specific grounds of negligence alleged in plaintiff's petition, but in general terms instructs the jury to find for the plaintiff if they believe from the evidence that the conductor of the car, in assisting plaintiff's child to alight therefrom, "failed to use that high degree of care and caution for her safety that would have been used and exercised by a person of a high degree of care and caution under the same or similar circumstances; and further believed from the evidence that such failure, if any, of said conductor to exercise that high degree of care and caution that would have been used and exercised by a person of a high degree of care and caution under the same or similar circumstances," was the proximate cause of the injury of said child.

We think the objection to the charge is valid. It is unnecessary to cite authorities upon the proposition that in a suit to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, if the plaintiff's petition specifies the particular acts of negligence relied on, no other acts of negligence than those alleged in the petition should be submitted to the jury as ground of recovery.

It is clear that under this charge the jury were authorized to find for plaintiff if the injury to his child was the proximate result of the want of the proper degree of care on the part of the conductor, regardless of whether such care was lacking with respect to the matters alleged in the petition. The specific acts of negligence having been

alleged, the charge should have been confined to them. International & G. N. Ry. Co. v. Eason, 35 S. W., 209.

The charge complained of under the second assignment of error instructs the jury that if they believe from the evidence "that the said child attempted to jump from said car, and fell to the ground before the conductor could catch her, and that the conductor exercised that high degree of care and prudence that would have been exercised and used by a person of a high degree of care and prudence under the same or similar circumstances in attempting to prevent her from falling, then you will return a verdict for the defendant."

If the only issue of negligence submitted to the jury had been that alleged in the petition, this charge not being affirmative or abstract error would not have been misleading, and therefore not reversible error; but in view of the error in the charge complained of under the first assignment, which we have before pointed out, we think this charge was misleading, and calculated to emphasize such error.

The third assignment of error is as follows: "The court erred in admitting in evidence before the jury, over the objection of said defendant, the testimony of the plaintiff's witness, Mrs. A. T. Dickey, in substance that, in the afternoon of the day on which the plaintiff's child, Mary Elizabeth Dickey, was injured (such injury having occurred in the neighborhood of nine o'clock in the forenoon of said day at a point some distance from the residence of the witness), that O. M. Palmer, the conductor of the car on which said Mary Elizabeth Dickey was a passenger at the time of her injury, came to the house of the witness and stated to her that he (said conductor) dropped said Mary Elizabeth Dickey; that he failed to get hold of one arm and dropped her; and, in substance, that said O. M. Palmer at that time did not say anything to said witness about said Mary Elizabeth Dickey jumping off the car."

This testimony was introduced over the objections of the defendant that it was not *res gestae,* nor an admission by one whose admission would be binding on or evidence against the defendant, and, if offered for the purpose of impeaching the witness Palmer, it was inadmissible, because no predicate had been laid therefor.

The record shows that the witness Palmer, who testified for the defendant, was not interrogated by plaintiff as to any statement made by him to Mrs. Dickey of the kind testified to by her. No predicate having been laid for such testimony, under a similar rule of evidence the contradictory statement of the witness was not admissible for the purpose of impeaching him.

It is not contended that the statement was *res gestae,* and we think it is clear that it was not admissible as original evidence because it was not an admission that the witness was authorized by the defendant to make, and therefore could not be used in evidence against the defendant. McAlpin v. Cassidy, 17 Texas, 466 and 467; Belo & Co. v. Fuller, 84 Texas, 454; Chicago, R. I. & T. Ry. Co. v. Yarbrough, 35 S. W., 422.

For the errors indicated the judgment of the court below should be reversed and the cause remanded, and it has been so ordered.

*Reversed and remanded.*