For the reasons herein given, I think the judgment should be reversed and the cause remanded.

FT. WORTH & D. C. RY. CO. v. DYSART.

(Court of Civil Appeals of Texas. April 18, 1911.)

1. COURTS (§ 122*) — JURISDICTION — AMOUNT IN CONTROVERSY.

A petition, in an action in the county court for the destruction of property by fire, which states generally that the amount involved is $950.25, and which sets forth a detailed list of the items of property destroyed, aggregating $950.25, while one item, "85 tons of maize at $7.00 per ton, $455.00," shows on its face a

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

mistake either in the number of tons or the price per ton or the total value of the maize, will be construed as stating a cause of action within the court's jurisdiction on the theory that the mistake is in the number of tons of maize.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 122.*]

2. COURTS (§ 121*) — JURISDICTION — AMOUNT IN CONTROVERSY.

Where the amount demanded in the original petition for the destruction of property by fire did not exceed $1,000, the county court had jurisdiction, though an amended petition included a prayer for interest and thereby placed the amount of the recovery sought beyond $1,000.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 419; Dec. Dig. § 121.*]

3. EVIDENCE (§ 244*) — STATEMENTS OF EMPLOYÉS—ADMISSIBILITY.

A statement by a section boss, made a day or two after a fire, to the effect that a train set the fire, is not admissible against the railroad company, in the absence of proof that the section boss had authority to make the statement or that any officer having such authority was present when the statement was made.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 916–936; Dec. Dig. § 244.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action by J. L. Dysart against the Ft. Worth & Denver City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Spoonts, Thompson & Barwise and Turner & Wharton, for appellant. R. E. Underwood and E. T. Miller, for appellee.

SPEER, J. J. L. Dysart sued the Ft. Worth & Denver City Railway Company in the county court of Potter county to recover damages for the alleged burning of certain property belonging to the plaintiff. A trial before a jury resulted in a verdict and judgment for the plaintiff in the sum of $666, and the defendant has appealed.

[1] Appellant suggests as fundamental error that the trial court erred in assuming and entertaining jurisdiction in this cause, for the reason that the amount in controversy as set out in the body of appellee's original petition exceeds the sum of $1,000. Pecos & Northern Texas Ry. Co. v. Canyon Coal Company, 102 Tex. 478, 119 S. W. 294. This contention is based upon the ground that appellee's petition sets forth a detailed list of the items of property destroyed by the fire aggregating, as shown by the petition, $950.25, while one item, namely, "85 tons of maize at $7.00 per ton, $455.00," shows upon its face to be incorrect, and that the extension should be $595, which would swell the aggregate amount beyond the jurisdiction of the county court. It is apparent that the pleader has made a mistake in this item; but it is not clear whether the mistake is in the number of tons, the price per ton, or the total value of the item. It is equally as probable that the mistake is in the number of tons as that it is in the extension as contended by appellant. The general allegation that the amount involved is $950.25 states an amount within the court's jurisdiction, and therefore indicates that the mistake is in the number of tons, and we so hold.

[2] It is also contended that appellee's first amended original petition stated an amount beyond the jurisdiction of the county court because it included a prayer for interest, the inclusion of which at the time of filing such amendment placed the amount sought to be recovered beyond $1,000. But, if we are right in our conclusions above, this latter contention is settled by the case of F. W. & D. C. Ry. v. Underwood, 100 Tex. 284, 99 S. W. 92, 123 Am. St. Rep. 806.

[3] There was error, however, in the trial of the case in admitting the testimony of the witness Suddeth. The witness was allowed to testify that a day or two after the fire, while he was hauling grain to Claude, he passed along the track of the Ft. Worth & Denver City Railway Company, and that the section boss in charge of the track at that place "said the train set that grass afire up there by Mr. Pences', and they fought it as long as they could, and when they saw they could not do anything with it they went back to work." There is nothing in the record to show that the section boss had any authority to make the statement imputed to him, or that any officer or agent of the company who did have such authority was present when the statement was made, and, clearly such statement was no part of the res gestæ. G., C. & S. F. Ry. Co. v. McMurrough, 41 Tex. Civ. App. 216, 91 S. W. 320; Ward v. Powell, 127 S. W. 851.

For this error the judgment is reversed, and the cause remanded.