GALVESTON ELECTRIC CO. v. DICKEY.

(Court of Civil Appeals of Texas. Galveston. May 20, 1911. On Motion for Rehearing, June 15, 1911.)

1. CARRIERS (§ 321*) — PERSONAL INJURIES — INSTRUCTIONS — CONFORMITY TO PLEADINGS AND PROOF.

Where, in an action for personal injuries to an infant passenger on a street car, the petition specifically alleged that the conductor, while assisting the plaintiff to alight, was negligent in taking plaintiff up, swinging her over the pavement, and letting her drop, and the evidence as to the circumstances of plaintiff's injury conformed to the allegations, and the court in the beginning of its charge stated the issues that plaintiff sought a recovery for injuries to her leg and ankle through the careless handling of plaintiff by defendant's conductor, a charge that if the plaintiff sustained injuries to her leg and ankle, or either, as alleged in her petition, which were proximately caused by the conductor's general failure to exercise due care, taken with the charge given at defendant's request that if plaintiff was about to jump from the car, and the conductor attempted to catch her, to prevent her from being injured, but did not get such a hold as to prevent her from falling, that plaintiff could not recover, sufficiently confined the jury to a consideration of the specific negligence charged in the petition; and a further charge that if the conductor exercised that high degree of foresight as to possible danger to plaintiff, and such prudence in guarding against such dangers as would be used by a prudent and competent person under similar circumstances, then the plaintiff could not recover, does not emphasize the alleged error in the previous charge.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 321.*]

2. DAMAGES (§ 216*) — PERSONAL INJURIES — INSTRUCTIONS — CONFORMITY TO EVIDENCE.

Where the evidence, in an action for injuries to the left leg and ankle of an infant passenger, was positive that the injuries to the leg on account of a break, and to the ankle on account of a sprain, were permanent, in that they were not and would not be just as they were before, although there had been a perfect union of the two parts of the bone, and the child was not experiencing any sensible inconvenience from the injury, a charge that the jury might consider whether plaintiff's injuries were permanent, and that if they were they might award her such sum as would fairly compensate her therefor, is conformable to the evidence.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

3. CARRIERS (§ 321*) — PERSONAL INJURIES — INSTRUCTIONS—DEGREE OF CARE.

In an action for personal injuries to an infant passenger, where the petition specifically

alleged that defendant's conductor, while assisting the plaintiff to alight, was negligent in taking plaintiff up, swinging her over the pavement, and letting her drop, and where there was evidence in conformity to the allegations of the petition, a charge that it was the duty of defendant to use such a high degree of foresight as to possible dangers, and such a degree of prudence in guarding against such dangers as would be used by a prudent competent person under similar circumstances, is not erroneous or prejudicial.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1326–1337; Dec. Dig. § 321.*]

4. DAMAGES (§ 132*) — EXCESSIVE DAMAGES — PERSONAL INJURIES.

In an action for personal injuries to a girl between three and four years of age, who sustained an oblique fracture of the tibia of the left leg and a severe sprain of the ankle, and who was confined to bed for nearly two months suffering great pain, and where the injuries were to some extent permanent, a verdict for $4,000 *held* excessive so as to require a remittitur of $2,000.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385; Dec. Dig. § 132.*]

Reese, J., dissenting in part.

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Action by Mary Elizabeth Dickey, by next friend, against the Galveston Electric Company. Judgment for plaintiff, and defendant appeals. Affirmed on condition that plaintiff enter a remittitur of $2,000 within 15 days; otherwise reversed and remanded.

See, also, 126 S. W. 332.

Terry, Cavin & Mills, for appellant. Marsene Johnson and K. C. Barkley, for appellee.

REESE, J. This is a suit by Mary Elizabeth Dickey, a minor, who sues by her father, A. T. Dickey, as next friend, against the Galveston Electric Company, to recover damages for personal injuries received by her while a passenger on one of the defendant's cars in the city of Galveston, which injuries were alleged to have been caused by the negligence of the conductor in assisting her to alight from the car. The specific acts of negligence are thus stated in the petition: "And plaintiff further alleges that her two sisters first got off said car when it stopped, and that the conductor of said car, who was then and there the servant and employé of said defendant company, took hold of the minor plaintiff under her arms and swung her around off said car and over the pavement, and negligently, and without using any care whatever, permitted the minor plaintiff to fall from his hands a distance of several feet onto said pavement, causing her to sustain the injuries hereinafter set out. And plaintiff further alleges that said conductor of said street car did not leave the platform and descend to the pavement before attempting to assist the minor plaintiff, who was and is a tender child under the age of four years, as aforesaid, to alight from said car, but that defendant's conductor did in a grossly negligent manner, and without the use of even ordinary care, raise the minor plaintiff under her two arms, with her back toward him and swing around over the pavement and drop her thereon." Defendant answered by general demurrer and general denial. A trial with the assistance of a jury resulted in a verdict and judgment for plaintiff for $4,000, from which, its motion for a new trial having been overruled, defendant appeals.

We find that, at the time alleged in the petition, the said Mary Elizabeth Dickey, then a child of between three and four years of age, while a passenger on one of appellant's street cars in the city of Galveston, with her two sisters, both small children, and while in the act of alighting from the cars, sustained injuries substantially as alleged in the petition, and that the accident occurred in substantially the manner stated in the petition as heretofore set out, and that the same was the proximate consequence of the negligence of the conductor, as charged. The large bone, or tibia, of the left leg of the child sustained an oblique fracture, and she also sustained a severe sprain of the ankle. In consequence of the injuries the child was confined to her bed for nearly two months, and suffered great bodily pain. As to whether the injury to her leg and ankle is permanent, the evidence is conflicting. The issue was submitted to the jury, and in deference to the verdict we find that the injuries both to the leg, on account of the break, and to the ankle on account of the sprain, are to some extent permanent. We find that the evidence as to the extent of the injuries is not sufficient to authorize a verdict for the full amount awarded, but that it is sufficient to authorize a verdict and judgment for $2,000.

[1] The first assignment of error complains of that part of the charge of the court which reads as follows: "Therefore, if you believe from the evidence that on or about the 10th day of November, 1906, the plaintiff, Mary Elizabeth Dickey, sustained injuries and damages to her leg and ankle or either, as alleged in her petition, and if you further believe from the evidence that such injuries and damages, if any, were due to and proximately caused by the failure of the conductor of the car of the defendant on which plaintiff was riding to exercise that high degree of foresight as to possible dangers to plaintiff's safety, and such a high degree of prudence in guarding against such dangers as would be used by very cautious, prudent, and competent persons under similar circumstances in assisting plaintiff to alight from said car, and that such acts of the conductor constituted negligence, then you will find a verdict for the plaintiff in accordance with the measure of damages hereinafter given you."

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

The ground of the complaint is that the charge does not confine the jury to a consideration of the specific acts of negligence charged in the petition, and which we have heretofore set out. With regard to a charge identical with this upon a former appeal of this case (Gal. Elec. Ry. Co. v. Dickey, 120 S. W. 1135), this court held that, if the charge did not specifically enough call the jury's attention to the particular acts of negligence with which the conductor was charged, a special charge should have been requested, and that the charge presented no affirmative error.

The evidence for appellee as to the circumstances under which the accident occurred, which consisted of the testimony of her two small sisters, who were with her, described the accident and the acts of negligence on the part of the conductor almost exactly as they are stated in the petition. There is no substantial difference. The charge objected to confined the jury to acts of negligence on the part of the conductor, "in assisting plaintiff to alight from the car," thus directing their attention to what was, in fact, the substance of the issue; that is, whether the conductor was negligent in the manner in which he assisted appellee to alight from the car. Under this charge and the evidence, it was impossible that the jury could have considered any other act of negligence than that charged in the petition. In stating the issues in the beginning of the charge, the court used this language: "This is an action by Mary Elizabeth Dickey, acting by next friend, against the Galveston Electric Company, defendant, to recover for certain alleged injuries and damages to her leg and ankle through the alleged careless handling of plaintiff by the conductor on defendant's car whereby plaintiff claims she was negligently lifted from the car and dropped on the pavement, as more fully set forth in plaintiff's petition."

In the case of Galveston Electric Company v. A. T. Dickey, 126 S. W. 332, which was a suit by the father for money paid out for medical services to the child, growing out of the same accident, this court sustained objections of appellant to a charge substantially identical with that here complained of on the same grounds here urged. The court was, however, influenced in such conclusions by another portion of the charge which it was held emphasized the error complained of. In the present case the court charged the jury at the request of appellant as follows: "You are instructed that if you believe from the evidence that said Mary Elizabeth Dickey was about to jump from the car, and the conductor attempted to catch her in order to prevent her from falling or being injured, but did not get a sufficient hold upon her to completely prevent her from falling, then you will find your verdict in favor of the defendant."

The only witnesses testifying to the manner in which the accident occurred were the two small sisters of appellee for plaintiff and the conductor for defendant. The testimony of the witnesses for appellee as to the manner of the accident conformed almost exactly to the case made by the allegations of the petition. We think the charge of the court, in connection with the requested charge, presented to the jury the issue as to negligence in such a manner that they could not be misled. Certainly it was not possible for them to consider any act of negligence not charged in the petition as in I. & G. N. Ry. Co. v. Eason, 35 S. W. 209, and McCarty v. H. & T. C. Ry. Co., 21 Tex. Civ. App. 575, 54 S. W. 421, cited by appellant. The writer of this opinion, who also wrote the opinion of the court on the former appeal (120 S. W., supra), adheres fully to the opinion there expressed that the charge presented the substance of the issue, which was the negligence of the conductor in assisting the appellee in alighting from the car, and if a more specific statement of the particular manner in which the child was handled was desired, appellant should have requested a special charge to that effect. Elec. Co. v. Harry, 37 Tex. Civ. App. 90, 83 S. W. 737; Railway Co. v. Grant, 124 S. W. 148.

By its second assignment of error, appellant complains of the following charge: "But if you believe from the evidence that the conductor, while assisting said plaintiff, Mary Elizabeth Dickey, from the car, exercised that high degree of foresight as to possible dangers to her safety, and such a high degree of prudence in guarding against such dangers as would be used by very cautious, prudent, and competent persons under similar circumstances, then you will return a verdict for the defendant."

The same objection to this charge is made as to that presented by the first assignment of error, and it is contended that this charge "emphasizes and intensifies" the error in that portion of the charge there complained of. This charge is, we think, essentially different from the charge which was held in the Dickey Case, in 126 S. W., supra, to emphasize the error in the charge there complained of. The objection is without merit, and the assignment overruled.

The writer takes occasion now to express his individual opinion that the conclusion of the court in the Dickey Case in 126 S. W., supra, with reference to the charge of the court, is erroneous.

[2] By the third assignment of error appellant complains of the charge of the court upon the measure of damages, in that it submitted the issue as to whether the injuries of appellee were permanent and authorized the jury to take such fact into consideration in assessing the damages. The language of the charge on this point is as follows: "And in measuring the damages, if any you find, you may take into consideration whether or not such injuries, if any;

to plaintiff, are permanent and lasting, and, if you find that they are, then you may find for her such sum as you may believe from the evidence will fairly compensate her for such permanent injuries, if any, to the limb alleged to have been injured."

The objection urged to this charge is that there was no evidence tending to show that the injuries were permanent. The evidence of Drs. Wassam, Sappington, and Fly, the first two of whom attended upon the child during the time she was confined to her bed from the injuries, and the latter of whom testified as an expert physician and surgeon, was positive and emphatic that the injuries to the leg on account of the break, and to the ankle on account of the sprain, were permanent, in that the leg and ankle were not and would not be just as they were before, giving various scientific reasons for such opinion. The substance of such opinion was, it is true, that no broken leg or sprained ankle, when the injuries were such as were sustained in the present case, would be just as safe and sound after such a break and injury as they were before. It was shown that the large bone of the leg had been badly broken, an oblique fracture, the two ends of the bone protruding into the flesh, but not through the skin, and somewhat seriously rupturing the nerves, flesh, and blood vessels of the leg in that vicinity. It was agreed that there had been a perfect union of the two parts of the bone, and that the child now experienced no sensible inconvenience from the injury; but these doctors all pronounced the injury permanent, in that any break of the bone, such as this, and sprain of the ankle, would be permanent in its effect. Two doctors introduced for the appellant were equally as emphatic and positive in denial of this. In this state of the evidence we do not think the charge was erroneous, and the assignment is overruled.

This disposes also of the fourth assignment of error.

[3] Under the evidence for plaintiff and defendant, we do not think that the error, if any, was prejudicial or harmful in instructing the jury that "it was the duty of appellant to use such a high degree of prudence and foresight as to possible dangers and such a high degree of prudence in guarding against them," etc. The objection is as to the use of the word "possible" in this connection, and it is contended that the charge, as set out, in this particular imposed a more onerous duty on appellant than is imposed by law. The language of the charge seems to be in accord with the principles of law governing the duties of carriers of passengers as stated in Railroad v. Halloren, 53 Tex. 53, 37 Am. Rep. 744, and Railway Co. v. Welch, 86 Tex. 204, 24 S. W. 390, 40 Am. St. Rep. 829. See, also, Railway Co. v. Shields, 9 Tex. Civ. App. 652, 28 S. W. 710. The issues presented by the evidence were whether the conductor took hold of the child in helping her to alight, and in a most careless and negligent manner swung her around and dropped her on the pavement with such force as to break her leg and sprain her ankle, or whether the child attempted to jump from the car before the conductor could catch and assist her, in which case the court instructed the jury to find for defendant. If the charge in the use of the word "possible" was erroneous in the abstract, which we do not think it was, in view of the evidence it could not have operated to the prejudice of appellant. The conductor was either guilty of positive, unmistakable, active negligence, or he was entirely blameless. The jury accepted the former theory, which was shown by the testimony of the two little girls.

[4] Appellant complains of the verdict for $4,000 as excessive by its sixth assignment of error. It is contended under this assignment that the only element of damage for which appellee was entitled to recover was the pain resulting from the injury, and in support of the assignment the evidence is very fully set out, particularly upon the issue of the permanency of the injury to the leg and ankle. The testimony of appellee's witnesses as to the permanency of the injuries was only in general terms that a broken leg and a badly sprained ankle, such as these were shown to be, are never quite as good after such injuries, but it was positive and emphatic. All of the testimony was, in substance, that there was a perfect union of the bone, and that the use of the leg and ankle at present was not impaired in the slightest degree. Appellee suffered very greatly at first, and had to lie on her back in bed with a weight attached to her foot for nearly two months, while the bones were knitting.

We think that the amount of the judgment is too large, sufficiently so to authorize this court, under the well-settled rules in such cases, to require a remittitur of $2,000. If appellee will enter remittitur of that amount within 15 days, the judgment will be affirmed for $2,000. Otherwise the judgment will be reversed, and the cause remanded.

### On Motion for Rehearing.

PLEASANTS, C. J. One of the grounds upon which the motion for rehearing, filed in this cause by appellant, is based, is that we erred in holding that the conclusion "announced in the case of Galveston Electric Company v. A. T. Dickey, 126 S. W. 332, with reference to the charge of the court, is erroneous." The expressions in the main opinion in this case which question the soundness of the conclusions reached in the case cited only reflect the views of the writer of the opinion, Justice REESE. The majority of the court have no doubt of the soundness of the decision in the case cited. The entire court is in accord in the conclusion that the

charge in the instant case, considered as a whole, fairly presents the issues raised by the pleadings and evidence. In the case cited the error in the charge was emphasized by the special charge given by the court, while in the present case that error is rendered harmless by the special charge, set out in the main opinion, which, in view of the fact that the evidence only tends to show negligence in the particulars stated in the petition or in those stated in the special charge, in effect instructs the jury that they could only find for the plaintiff upon the specific act of negligence alleged in the petition.

The opinion of this court on the former appeal of this case (120 S. W. 1135) is in conflict with the later opinion in the case of Galveston Electric Company v. A. T. Dickey, supra. The court in the later opinion was evidently unmindful of the conclusion reached· on the former appeal of this case on the question of whether the charge complained of was erroneous. This was probably due to the fact that the point was not decisive of the former appeal; the judgment of the court below on that appeal having been reversed because of the improper remarks of counsel for the plaintiff. But, be this as it may, the majority of the court adhere to the views expressed in the opinion in the case of Galveston Electric Company v. A. T. Dickey, supra.

The motion for rehearing is, we think, without merit, and should be refused.

Refused.  ·