**TEXAS & N. O. R. CO. v. JONES.   (No. 820.)**

(Court of Civil Appeals of Texas. Beaumont. May 8, 1922.)

**1. Animals ⬤➾96—Evidence held to show death by poison.**

Issue whether goats, feeding on right of way, died from eating poison sprinkled by company, *held* raised by the facts that the grass wilted and died after the sprinkling, and the goats died in convulsions after eating the grass, and that there was nothing else to account for either result.

**2. Evidence ⬤➾244(16)—Declaration of section foreman as to past event inadmissible.**

Declaration of section foreman, the day after the grass along railroad right of way was sprinkled, that the company had poisoned the grass, is inadmissible, in action for death of goats eating the grass.

**3. Appeal and error ⬤➾931(6)—Presumed that trial court was not influenced by improper evidence.**

Trial being without a jury, it will be presumed that the trial court was not influenced by improper evidence admitted; there having been sufficient competent evidence.

Appeal from Harris County Court; Roy F. Campbell, Judge.

Action by George Jones, Jr., against the Texas & New Orleans Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, and Garrison, Pollard & Berry, all of Houston, for appellant.

Lewis Fogle, of Houston, for appellee.

WALKER, J. Appellee lived in Harris county, Tex., near the right of way of appellant, and in June, 1920, owned a herd of goats, which grazed on the uninclosed lands around his home, and, as appellant's right of way fence was in bad repair, also on the right of way. On the morning of the date mentioned, appellant sprinkled the grass along its right of way. Appellee testified:

"I had seen a tank car run by the defendant railroad company along the track and sprinkle something on both sides. That was on the morning of the day that the goats first got sick, and after I had turned the goats out."

On that day appellee's goats grazed on the right of way, and that night some of them died. The next day they again grazed on the right of way, and that night more of them died—96 in all. Appellee further testified:

"That night a lot more of the goats were sick [referring to the day following the sprinkling of the grass]. They would sort of have convulsions, and would die in a short while. * * * I noticed that the grass was wilted along the right of way on both sides where it had been sprinkled, and in a day or two it was dead. * * * I did see myself, though, that the grass wilted and died. I noticed it after the goats had been turned out and were eating the grass. There was nothing else that I know of to account for the grass wilting and dying except it being sprinkled, and there was nothing else that I know of that would cause the goats to die except eating the grass after it had been sprinkled."

Appellant's contention is summarized and well stated in its following proposition:

"The court erred in rendering judgment for the plaintiff, because the undisputed evidence in this case shows that plaintiff resided near defendant's railroad tracks; that its section foreman owed the duty of keeping the right of way in good condition and keep down the grass and weeds along the right of way; that said section foreman knew plaintiff's goats grazed on the right of way; that plaintiff had seen a tank car run by the defendant railroad company along the track, sprinkling something on both sides, on the morning that the goats first got sick, and that on the next day the goats first got sick, and that on the next day the goats went on the right of way and ate grass again; that said goats would sort of have convulsions and die in a short while; that 96 goats died right there at the place; that he did not know what else caused the goats to die except eating the grass (there was no evidence in the record to show that the grass was poisoned, except the hearsay testimony of defendant's section foreman, which was admitted over defendant's objections, to the effect that the grass was poisoned). Under the admissible testimony the court had no right to find liability."

If the goats died as the result of poison sprinkled along the right of way, appellant makes no issue against its negligence.

[1] The fact that the grass wilted and died after being sprinkled; that the goats died in convulsions after eating the grass; that no other explanation was made of why the grass wilted and died; and that there was nothing else to account for the fact that the goats died in convulsions—in our judgment was sufficient to raise the issue that the goats died as a result of eating poison sprinkled by appellant along its right of way. That issue was resolved by the trial court in favor of appellee, and his finding will not be disturbed by us.

[2, 3] Appellee testified that—

Mr. Sperli, defendant's section foreman, told him the next morning after the grass had been sprinkled "that the railroad company had poisoned the grass along the right of way, the day before, to kill it, and he told me that I should make a report of the goats that had been killed." This was objected to by appellant "on the ground that said testimony was irrelevant, immaterial, and hearsay, and that any statement made by the section foreman, Mr. Sperli, with reference to the railroad company having poisoned the grass along the right of

way a day or two before that, was hearsay, and was not binding, and could not bind, and could not place liability on the defendant railroad company."

Under the following authorities: Railway Co. v. McMurrough, 41 Tex. Civ. App. 216, 91 S. W. 320; Railway Co. v. Dysart (Tex. Civ. App.) 136 S. W. 1117; Railway Co. v. Galloway (Tex. Civ. App.) 140 S. W. 368; Electric Co. v. Dickey (Tex. Civ. App.) 126 S. W. 332; Railway Co. v. Sherwood, 84 Tex. 125, 19 S. W. 455, 17 L. R. A. 643; Railway Co. v. La Forge (Tex. Civ. App.) 84 S. W. 1072; Railway Co. v. Lackey (Tex. Civ. App.) 171 S. W. 540—the court erred in admitting the testimony complained of; but as the trial was before the court without a jury, it is to be presumed, on the facts of this case, that he was not influenced in reaching his judgment by the improper evidence. North River Insurance Co. v. Kelly (Tex. Civ. App.) 237 S. W. 577.

Finding no error in the record, the judgment of the trial court is in all things affirmed.