CASE 46—PETITION EQUITY—MARCH 19.

# Owens, Etc. v. Green, Etc.

APPEAL FROM MAGOFFIN CIRCUIT COURT.

1. PUBLIC POLICY—VICIOUS CONSIDERATION FOR MORTGAGE.—A mort-
gage given in consideration that a prosecution for felony then
pending should be dismissed is void, and will be cancelled.

D. D. SUBLETT FOR APPELLANTS.

1. The allegation that the mortgage was executed in consideration of
an agreement to dismiss an indictment for felony is not sustained
by the evidence.

2. The appellant alone was the party to be benefited by the execution
of the mortgage and he alone could compound the felony; any-
thing done or said by others in procuring the execution of the
mortgage can not prejudice his rights. Bouvier's Law Dictionary,
page 257.

W. S. PRYOR AND C. P. CHENAULT ON SAME SIDE.

1. It is perfectly evident that the mortgage was executed to secure
the indebtedness, which is uncontroverted, of Green to Owens,
and not in consideration of the dismissal of the indictment.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This action was brought by appellants upon a note and
mortgage given by appellees to appellant. The mortgage
is on appellee's homestead.

The answer admits the debt as just and due, and admits
the execution of the mortgage to secure it; but pleads
that the mortgage was given in consideration that a pros-
ecution for felony then pending by indictment should be
discontinued.

This plea is denied. The court gave judgment for the

Owens, etc., v. Green, etc.

debt, being uncontroverted, but declared the mortgage void and cancelled same, and hence this appeal.

The proof discloses that appellee, D. B. Green, was indicted in the Magoffin Circuit Court for obtaining money under false pretenses. That appellant, Jasper Owens, was the principal witness, the money being charged to have been obtained from him upon a written order, to the auditor of the State. This note was given for the amount of money charged to have been obtained under false pretenses and some other small debts. Upon the execution of this mortgage the written order was delivered by appellant to appellee and at the next term of the circuit court the indictment was dismissed for the reason, as the Commonwealth's attorney states, he was informed by appellant, that a conviction could not be had because the order was gone.

Appellant suggested to the Commonwealth's attorney that appellee, Green, desired the prosecution discontinued. This is shown by appellant's witnesses, elicited on cross examination. On the other hand, appellee and two others testify to direct suggestions by one of the mortgagees that if it be given the prosecution would be discontinued. One of these witnesses wrote the mortgage. From this proof it seems clear that the judgment of the circuit court was right and proper, and in accordance with the proof.

Finding no error, the judgment is affirmed.