## WINIFRED BROTHERS' ADMINISTRATOR *vs.* THE RUTLAND RAILROAD COMPANY.

October Term, 1898.

Present: Ross, C. J., TAFT, ROWELL, MUNSON and TYLER, JJ.

Opinion filed December 20, 1898.

*"And" Read "by."*—Upon demurrer to a declaration for negligence, a clause connected with the general allegation of negligence by the word *and*, may be treated as a specification of the negligent conduct, rather than as an independent averment, thus making the whole one allegation, as if the word *and* should be read *by*.

*Allege Facts not Law.*—It is not necessary that the declaration should allege the legal duty otherwise than by alleging facts from which the court must infer the duty.

*Contributory Negligence Matter of Defense.*—The plaintiff in an action for negligence is not bound to prove as a distinct affirmative proposition that he was not guilty of contributory negligence, and therefore need not allege the facts that constituted due care and caution on his part.

*Statute of Limitations.*—It was not necessary to allege in the declaration that the action was brought within the two years prescribed by the statute. It is sufficient, *prima facie*, if it appears by the writ that the action was commenced within that time.

CASE. Heard upon special demurrer to the declaration at the September term, 1898, Rutland county, *Thompson*, J., presiding. Demurrer overruled and declaration adjudged sufficient. The defendant excepted.

*Button & Button* for the defendant.

*Butler & Moloney* for the plaintiff.

TYLER, J. This action is brought to recover damages for the death of the plaintiff's intestate, caused by the defendant's alleged negligence in running its train, and comes here upon demurrer to the declaration.

The first point raised is, that the first count in the declaration does not specify the negligent acts,—that conclusions only are stated.

By familiar rules of pleading the count must allege facts from which the court can see that the defendant owed the intestate a legal duty. It is not sufficient to allege that there was a shortage of duty, that the defendant's negligence caused the injury resulting in the intestate's death, but the negligent acts must be set out in traversable form.

The allegations in the first count, to which the demurrer is directed, are: "And the defendant then and there managed, ran and operated the said locomotive and the said train of cars in a negligent, careless and unsuitable manner, and then and there placed said locomotive in the rear of said cars," etc., "and then and there proceeded to push and move said train along said track in a negligent, careless and dangerous condition," etc., "and so negligently . . . moved and operated the said train, without giving any signal or warning, etc., that the deceased was struck and injured."

It is not contended that the allegations following the words, "unsuitable manner," would not, if properly placed in the count, be sufficiently specific, but it is claimed that the clauses being connected by the words, "and" and "without," the averments following those words are placed in opposition to what precedes them, and therefore are not a recital of facts which constitute negligence; that the averments cannot be treated as referring to and describing the negligent management of the train. We think, however, that those words may reasonably be construed as introducing specifications of the defendant's negligent acts, and may be treated the same as if the words were, "by placing the said locomotive in the rear of said cars, etc., and by pushing and moving said train, etc., without giving any signal or warning." The whole should be treated as one allegation—that the defendant placed the locomotive in the rear of the cars and then moved the train along the track without giving any signal.

4

It is further urged against the first count that it does not allege a legal duty. This is not necessary. If the facts alleged show to the court that the defendant owed a duty to the intestate, it is sufficient.

The plaintiff was not bound to prove as a distinct affirmative proposition that the intestate was not guilty of negligence. As was said by the court in *Barber* v. *Essex*, 27 Vt. 69, it is a negative rather than an affirmative proposition. The burden is upon the plaintiff to show that the defendant's negligence was the sole operative cause of the injury, which is equivalent to saying that no want of due care on the part of the intestate helped to cause the accident. This was so held in *Bovee* v. *Danville*, 53 Vt. 183. It follows, therefore, that it was not necessary to allege the facts that constituted "due care and caution" on the part of the deceased.

It was not necessary to allege in the declaration that the action was brought within the two years prescribed by the statute. It is sufficient, *prima facie*, if it appears by the writ that the action was commenced within that time.

The objections to the second count are not maintainable. In that, as in the first, the facts are stated "with such precision, certainty and clearness, that the defendant, knowing what he is called upon to answer, may . . plead a direct and unequivocal plea."

*Judgment affirmed and cause remanded.*