SAN ANTONIO AND ARANSAS PASS RAILWAY COMPANY v. W. W. WOOD.

Decided December 22, 1905.

**1.—Obstruction of Roadway.**

If the defendant negligently placed an obstruction in a roadway which it knew was commonly used by the public as such, it would be liable to those injured thereby without regard to whether the roadway was, as against the owners of the land over which it passed, a public highway.

**2.—Assignment of Error—Propositions.**

Only the points presented by propositions under an assignment of error will be considered on appeal.

**3.—Injury—Allegation—Proof.**

Plaintiff was entitled to recover for whatever injury the evidence showed he sustained through the negligence of the defendant, and he was not required to show that he was damaged to the extent alleged in the petition.

Appeal from the District Court of Aransas County. Tried below before Hon. E. A. Stevens.

*Stayton & Berry* and *W. H. Baldwin,* for appellant.—The mere allegation of user by the public of a roadway for a long period of time, without the further allegations that such use was exercised by the general public under claim of right, and not by mere permission of the landowner, will not authorize the introduction of parol evidence tending to establish such roadway as a public highway, and the court erred in admitting such evidence over objection of appellant. Cunningham v. San Saba County, 20 S. W. Rep., 941; Hamilton County v. Garrett, 62 Texas, 602.

There being a conflict between the oral testimony and official map of the town of Rockport as to the existence of a highway or road at the point of the alleged accident, it was error for the court to assume in its charge the fact of the existence of such road or highway, but the issue of fact should have been submitted to the jury under proper instruction as to what constituted a highway or road at law. Boaz v. Schneider, 69 Texas, 128.

*F. Stevens* and *G. R. Scott,* for appellee.—The allegations of the petition were sufficient, in the absence of a special exception, to authorize the introduction of parol evidence tending to establish the roadway as a public highway. Click v. Lamar Co., 79 Texas, 123-125; Albert v.

Gulf, C. & S. F. Ry. Co., 2 Texas Civ. App., 665; Allison v. Haney, 62 S. W. Rep., 934; Galveston L. & I. Co. v. Levy, 30 S. W. Rep., 504.

The appellant having notice that the public was using the highway crossing North Street at the west end of its Y, which highway passed near to the end of said Y, it became the duty of appellant to keep the end of said Y in repair. Taylor, B. & H. Ry. v. Warner, 88 Texas, 648; Missouri Pac. Ry. Co. v. Bridges, 74 Texas, 520.

Appellant's fifth assignment of error is not well taken: Gulf, C. & S. F. Ry. Co. v. McGowan, 73 Texas, 363; Gulf, C. & S. F. Ry. Co. v. York, 74 Texas, 369.

PLEASANTS, Associate Justice.—This is a suit by appellee against appellant to recover damages for personal injuries alleged to have been caused by appellant's negligence in placing an obstruction on, or dangerously near, a public highway or road along which appellee was driving at the time he was injured.

The petition alleged "that on or about the 5th day of August, 1902, appellant owned, operated and maintained a certain line of railroad in and through the county of Aransas, and to, and within the corporate limits of the city of Rockport in said county, and then owned, operated and maintained said road in said county and city. That in constructing the track of said railroad in the said city of Rockport, in said county of Aransas, appellant, at the terminus of a side-track or switch in said city, negligently, wrongfully and willfully projected one of the iron rails on said railroad track over a portion of, or dangerously near to, a public highway or road in said city of Rockport, said public highway or road then and there being used by the citizens of said city as a public thoroughfare, and having been so used for a long while, and that. by reason of said rail so projected over a portion of said road, or dangerously near to it, it was, on the said 5th day of August, 1902, an obstruction to travelers along the road, so much so that no one could pass along said road at said place with a vehicle without great danger, unless he exercised extraordinary care. That on or about the date last aforesaid the appellee, while driving in a buggy along said road, and while exercising ordinary care and caution and going at a reasonable rate of speed, and driving a gentle horse, said rail so negligently placed by appellant, caught in one of the wheels of said buggy so driven by appellee and suddenly stopped said buggy and the horse hitched thereto, violently throwing appellee from said buggy against one of the wheels of said buggy, thence to the ground, where he fell unconscious, whereby appellee was wounded, bruised, and seriously injured in his head, neck, chest, lungs and limbs, and his nervous system greatly shocked. Said shock produced concussion of his spine and injury of the parts, which said injuries to the said spine and nerves are permanent and progressive, causing appellee to become a physical and mental wreck, wholly incapacitating him to earn a livelihood for himself and family, either by mental or manual labor. That thereby he has been permanently and totally disabled, has suffered great mental and physical pain at all times since said injury, and at short intervals he is confined to his bed for hours with excruciating pain, producing nausea and fever, great physical suffering and weakness; that he is and has been since

said injury thereby prevented from attending to his business affairs. That plaintiff was, at the time of said injury, about thirty-two years of age, and was strong and robust physically and mentally, and by occupation a stockman, and in all respects capable of performing and carrying on that kind of business, and was so engaged at the time of said injury, taking care of his own stock and doing whatever was necessary to be done about same; that as such his services were reasonably worth $100 per month. But since said injury he has been wholly unable to attend to same and has been forced to employ others for that purpose, and spend large sums of money therefor, wherefore plaintiff says he has been actually damaged in the sum of $30,000 by reason of said injury."

The defendant answered by general demurrer, general denial and plea of contributory negligence.

The case was tried before a jury and a verdict and judgment rendered for plaintiff in the sum of $5,000.

Appellant raises no issue in its brief as to the sufficiency of the evidence to sustain the finding of the jury that it was guilty of negligence as alleged in the petition, and that the appellee has suffered damage in the amount found by the jury as a result of the injuries received under the circumstances alleged in the petition.

The first assignment of error challenges the ruling of the trial court in admitting in evidence the testimony of W. W. Wood, R. H. Wood, Geo. E. Waterwall and others to the effect that the road along which plaintiff was driving at the time he was injured had been used by the public as a public highway for more than twenty years. The objection urged to this testimony is "that there was no sufficient allegation in appellee's petition as to the acquisition by the public of a highway at the point in question by use or prescription, and further because it appears that the point in question is within the corporate limits of the city of Rockport which is laid off into lots, blocks and streets and duly platted on official maps, and such maps are the best evidence of the existence of a highway crossing defendant's private property and North Street at the point of the alleged injury."

The evidence shows that the railroad of appellant is constructed along North Street in the city of Rockport. This street runs east and west; at the end of the railroad in the center of said street the roadway, along which appellee was driving when he was injured, crosses the street. This roadway, in approaching the street from the south, crosses unenclosed property belonging to appellant, and, after crossing the street, runs across other unenclosed property which is within the city limits and is subdivided into lots and blocks.

The accident in which appellee was injured occurred at the end of its track in the center of North Street. The testimony, to which the objection was made is, as set out in appellant's brief, as follows:

Appellee testified that he was at the time of the accident driving along a "well defined public road" to west of the western end of appellant's track.

R. H. Wood testified: "I know the place at the end of defendant's 'Y' where the accident to plaintiff occurred. There is a road running past to the west of the 'Y.' It has been there for more than twenty

years and has been used by the public all the time." "That the town of Rockport was incorporated and had been laid off in lots, blocks, and streets and had an official map showing the same. That there was no street shown to cross North Street west of defendant's 'Y' nor had one ever been laid out. That the road he testified about crossed uninclosed private property of the railway on the south of North Street and across North Street, and uninclosed private property of individuals on the north; that he at times had been connected with both city and county governments as a county commissioner, city alderman and mayor; that the road had never been worked or recognized as a public road by either the county or city within his knowledge."

Siforina Cabasos testified that the public had been using the road for over twenty years.

F. Van Ness testified that the road had been traveled for fifteen years.

George E. Waterwall testified: "There has been a road across North Street west of the end of defendant's track ever since the railroad was built. This road originally crossed North Street a short distance further east, but after the railroad was built was moved a little further to the west, to where it is now. The public has been using the old road and the changes therein for about thirty-three years. I have been a member of the city council, and also city secretary. I know of no road having ever been laid out across Market (North) Street at end of defendant's track. The one that is there has been used by the public for 33 years, but was never laid out or worked by either the city or county as a public street or road. It crosses uninclosed private property both south and north of North Street."

The appellee in his amended petition upon which trial was had, made the following allegations: "That in constructing the track of said railroad in the said city of Rockport, in said County of Aransas, the defendant, at the terminus of a sidetrack or switch in said city, negligently, wrongfully and wilfully projected one of the iron rails on said railroad track over a portion of, or dangerously near to a public highway or road then and there being used by the citizens of said city as a public thoroughfare and having been so used for a long while."

It is unnecessary for us to determine whether the allegations or the evidence is sufficient to show that the roadway along which appellee was driving was a public highway in the sense that the public had acquired a right by prescription to use it as such as against the owners of the property over which it passed. The undisputed evidence shows that it had been commonly used by the public as a roadway for a number of years with the acquiescence of the owners of the property, and the court in submitting the case to the jury predicated the liability of the defendant upon its knowledge of the existence of the roadway and its common use by the public.

If the appellant negligently placed an obstruction in a roadway which it knew was commonly used by the public, and the appellee while lawfully using such roadway was injured thereby, the appellant would be liable without regard to whether the roadway was, as against the owners of the land over which it passed, a public highway. Allison v. Haney, 62 S. W. Rep., 933. We think the principle upon which the

case cited was decided is sound in law and morals, and that the decision is not in conflict with those cited by appellant nor with any decision of our Supreme Court so far as we have ascertained.

The second assignment of error presented by appellant is as follows:

"The court erred in its charge wherein the jury were instructed that the undisputed testimony shows that there is a highway or road crossing said North Street in close proximity to the end of defendant's railroad track at the place where the plaintiff is alleged to have been injured, which highway or road has been made by the general public traveling in that vicinity for a great number of years, and that defendant owns a strip of land adjoining said North Street on the south over which said highway or road crosses, and that the end of said railroad track is in said North Street. If the defendant knew that the general public had used said road along which plaintiff was traveling at the time of the alleged injury and that it had been used as a thoroughfare by the general public for a great number of years, and assented to or permitted such use over the land, although said thoroughfare was not a public street, then the defendant had no right to place an obstruction over or dangerously near said thoroughfare where it crossed said North Street, and would be liable to (in) damages for any injury to ordinarily prudent persons traveling along said thoroughfare resulting from such obstruction. Because said charge assumes facts not indisputably proven, charges defendant as being liable in damages from the simple placing of an obstruction in the alleged thoroughfare, no matter what might have been its character, or whether or not properly, rightfully or carefully placed; and further, said charge is upon the weight of evidence, and is not supported by the proper allegations in plaintiff's petition."

The assignment is not a proposition in itself and is not presented as such and the only proposition following it is as follows:

"There being a conflict between the oral testimony and official map of the town of Rockport as to the existence of a highway or road at the point of the alleged accident, it was error for the court to assume in its charge the fact of the existence of such road or highway, but the issue of fact should have been submitted to the jury under proper instructions as to what constituted a highway or road at law."

There is no conflict in the testimony as to there being a highway or roadway across North Street at the point in question, and the court did not err in assuming the existence of such roadway in the charge complained of. As before stated, the question as to whether the public had acquired a title to the roadway by prescription was immaterial. We can only consider the points in the assignment which are presented by a proposition, and any not so presented must be regarded as waived. The point stated in the proposition being not well taken the assignment can not be sustained.

The third assignment complains of the refusal of the trial court to give the jury the following instruction:

"You are instructed that it is the duty of defendant to construct and keep in repair safe crossings over its track at the intersection thereof of all public streets and highways. A public street or highway

as used in this charge is a street or highway dedicated to public use and over which the public exercises exclusive control. If you believe from the evidence that the plaintiff was injured as alleged by him in his petition, whilst driving past the end of defendant's track in the city of Rockport, and the evidence further fails to show that there was a public street or highway as the same has been defined in this charge, at the place where the accident occurred and along which plaintiff was traveling at the time, then the defendant would owe plaintiff no duty, in which case you should find for the defendant. If the land over which the road plaintiff was traveling passed over uninclosed private property, that is, if the same had never been dedicated by the owner or owners thereof to public use, then you are instructed that the public would not acquire any right thereto by prescription and the plaintiff would in law be a trespasser thereon and would assume all risks."

It was not error to refuse this instruction. For the reasons before stated, the issue of whether the road in question was a public highway was immaterial, and the court properly refused to submit it to the jury. There is no evidence tending to show that appellee was a trespasser at the time he was injured, and it would have been manifest error for the court to have submitted such an issue to the jury.

The fourth assignment complains of the refusal of the court to submit to the jury the question of whether the appellee was not upon private property of appellant at the time he was injured and therefore a trespasser. The undisputed evidence shows that the accident occurred in a public street of the city of Rockport and that appellee was not upon the property of appellant at the time he was injured. There being no testimony tending to support the contention that appellee was trespassing upon appellant's property at the time he was injured a charge submitting that issue was properly refused.

The charge given by the court sufficiently instructed the jury upon the issue of contributory negligence, and therefore the refusal to give the special instruction requested by appellant submitting that issue was not error, and the fifth assignment which complains of such refusal can not be sustained.

There is no merit in the sixth assignment which complains of the refusal of the court to charge the jury that unless they believe that the plaintiff was permanently injured they should find for the defendant. Appellee was entitled to recover compensation for whatever injury the evidence showed he sustained through the negligence of the defendant, and to entitle him to such recovery he was not required to show that he was damaged to the extent alleged in the petition. It could as well be contended that in a suit for damages for the conversion of a stock of goods the plaintiff could not recover unless he established the conversion of every article mentioned in his petition, as to contend for the proposition advanced by this assignment. There can be no authority for such a proposition and appellant has not undertaken to cite any.

We think the allegations of the petition before set out were sufficient to entitle plaintiff to recover for time lost by reason of his injuries, and the court did not err in instructing the jury that they

might, in estimating plaintiff's damages, take into consideration the time lost by him as a result of his injuries.

We are of opinion that the judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*

Writ of error refused.