THE EQUITABLE POWDER MANUFACTURING COMPANY, Appellant, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY *et al.* Appellees.

*Opinion filed October 28, 1910.*

1. APPEALS AND ERRORS—*Supreme Court cannot weigh the evidence in suits at law.* In suits at law appealed from the Appellate Court the Supreme Court cannot weigh the evidence to determine whether the judgment is sustained thereby, and if no question of law is preserved for review the judgment of the Appellate Court upon the facts is conclusive.

2. SAME—*when question of joint liability of defendants is not presented.* The question of the joint liability of the several defendants in an action for damages is not presented by the refusal of a proposition of law that "if the court finds, from a preponderance of the evidence, that the defendants are guilty of the negligence charged in either count of the declaration, and that the said negligence materially contributed to and was the proximate cause of the damages suffered by the plaintiff, then it is the law and the court holds the defendants guilty."

3. SAME—*correctness of ruling on propositions of law must be determined from propositions themselves.* Whether the trial court erred in ruling upon propositions of law can be determined by the Supreme Court only by reference to the propositions themselves.

4. SAME—*court not required to repeat same thing in different propositions.* In a suit at law tried without a jury it is not error for the court to refuse to hold as the law a proposition repeating substantially the same principles stated in a proposition already held to be the law.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding.

C. H. BURTON, JOHN J. BRENHOLT, and KINEALY & KINEALY, for appellant.

WISE, KEEFE & WHEELER, SWEENEY & WALKER, and WARNOCK, WILLIAMSON & BURROUGHS, (SILAS H. STRAWN, of counsel,) for appellees.

Per CURIAM: This suit was brought by the appellant, against the appellees, four railroad companies, to recover damages alleged to have been sustained by the appellant as the result of the negligence of the appellees.

The appellant's factory is located at the foot of a hill between two streams, called the east and west forks of Wood river, and just above their confluence, forming Wood river, which flows into the Mississippi. In times of heavy rains large quantities of water are alleged to flow down the east and west forks of Wood river, and the valley tributary to them, into Wood river and thence to the Mississippi river. The declaration alleges that the track of the appellee the Cleveland, Cincinnati, Chicago and St. Louis Railway Company runs from the south-west to the north-east, south and east of appellant's premises, and crosses the east fork of Wood river near said premises and several times a short distance north-east thereof, and that the said railroad company also possessed and operated another track a short distance west and south of the appellant's premises; that the appellees the Chicago, Burlington and Quincy Railroad Company and the Chicago, Burlington and Quincy Railway Company were possessed of and operating a railroad which crossed Wood river at a point a short distance west and south of appellant's premises; that the appellee the Chicago and Alton Railroad Company was possessed of and operating a railroad which crossed Wood river, and the low lands adjoining the same, a short distance west of appellant's premises; that the railroads intersected and crossed natural waterways, of which Wood river is the main channel. The declaration further alleges that the appellees constructed solid embankments across the low land and natural waterways and left insufficient openings where they crossed Wood river and the east fork and other places where the water ran in a state of nature, to allow it to pass off; that as the railroad embankments were constructed, they, with the hills back of the appellant's plant, formed a triangular

pocket about appellant's factory, into which the water was forced and caused to flow by the railroad embankments in quantities greatly in excess of the water that flowed or came there in a state of nature and prior to the building of the railroad embankments; that by reason of these obstructions, in 1902, and again in 1905, appellant's premises were caused to be flooded and loss and damage sustained by it.

The case has been tried twice in the circuit court. The first trial with a jury resulted in a verdict in favor of appellees. This verdict was set aside and a new trial awarded. On the second trial the parties waived a jury and tried the case by the court. The court found appellees not guilty and rendered judgment against appellant for costs. The Appellate Court for the Fourth District affirmed the judgment and granted a certificate of importance, upon which a further appeal is prosecuted to this court.

The appellant contends that the judgment of the circuit court was the result of that court holding that, no matter whether appellees were guilty of the negligence charged, they were not jointly liable. Appellees were separate and independent companies, except the Chicago, Burlington and Quincy Railroad Company owns the track which is operated by the Chicago, Burlington and Quincy Railway Company. It is not alleged in the declaration that appellees acted in concert in any manner whatever in the construction of their embankments and tracks or in the operation of the railroads. The proof shows the structures were built at different times and that the railroad companies acted independently in the construction of their respective roads and embankments.

The theory of appellant is that the embankment of each of appellees was negligently constructed, and that the combined effect of all of them is to obstruct the natural flow of water and cause it to flow and stand upon appellant's premises and damage its property, and they are therefore jointly

liable.   Appellees contend that there is no question of law presented for our review by this record, and that as the facts were conclusively settled by the judgment of the Appellate Court the judgment must be affirmed.   The Appellate Court said in its opinion that the judgment of the trial court was not so contrary to the evidence upon the question of appellees' negligence as to justify a reversal of the judgment.   That court also held in its opinion that the appellees were not jointly liable.

Upon the question whether the damages sustained by appellant were the proximate result of the negligent acts of appellees, as charged in the declaration, the evidence was conflicting, and this court has no jurisdiction now to weigh the evidence for the purpose of determining whether the judgment is sustained by the weight of the evidence or not. Unless some error of law committed by the trial court is preserved for our review, the judgment of the Appellate Court upon the facts is conclusive on this court.   The contention of appellant is, that the judgment of the trial court was the result of holding that defendants were not jointly liable; and not the result of finding, from the evidence, that appellant's damages were not the proximate result of negligent acts of appellees, as alleged in the declaration.

The court held fourteen propositions of law requested by appellant and refused five.   No objection is made to the ruling of the court in refusing any proposition of law except proposition A.   Appellant claims that by refusing that proposition the court held that, even though appellees were guilty of the negligence charged, there could be no recovery because they were not jointly liable.   Proposition A was as follows:

"(A) If the court finds, from the preponderance of the evidence, that the defendants are guilty of the negligence charged in either count of plaintiff's declaration, and that the said negligence materially contributed to and was the

proximate cause of the damages suffered by plaintiff, then it is the law and the court holds the defendants guilty."

Appellant argues, reviewing the testimony at considerable length, that, considering the refusal of that proposition in connection with the evidence and the only proposition asked by defendants which the court held, the judgment was based upon a finding that there was no joint liability. Appellant says in its brief: "Inasmuch as the evidence clearly showed a plain violation of the law on the part of each defendant resulting in damage to plaintiff, the only explanation of the action of the trial court in the matter of the declarations of law held and refused is, that the court ruled that the plaintiff could not maintain this action against the defendants jointly, although they might each and all of them be guilty of the wrongful acts charged against them in the declaration."

The proposition of law held (erroneously, the appellant claims,) at the request of appellees is as follows:

"The court holds the law to be, that under the averments of plaintiff's declaration, and the evidence offered in support thereof, the plaintiff is not entitled to recover, and judgment should be rendered in favor of the defendants."

If appellant attempted by proposition A to secure a ruling of the court on the question of joint liability the proposition was not very happily worded. Upon the face of it, it does not seem to present that question. But assuming the proposition to have been so framed that the court was asked to rule whether defendants could be held jointly liable if the evidence showed them guilty of the negligence charged, and that said negligence was the proximate cause of appellant's damage, still, if the court found defendants were not guilty of negligence and consequently not responsible for the damage, the refusal to hold the proposition could work no prejudice to appellant. If the court found the appellees were not guilty of negligence the judgment was bound to be in their favor, even though they should have been held

jointly liable if their guilt had been proven. If that was the situation, it was immaterial what the court's view was on the question of joint liability. We cannot read and weigh the testimony for the purpose of determining whether the court was justified in finding for appellees on the facts, and if of the opinion the judgment was not justified on that ground, then conclude it must have been the result of the court holding appellees were not jointly liable, irrespective of whether the negligence charged was proven. We can only determine whether the court erred in ruling on propositions of law by reference to the propositions themselves, and an examination of them seems to make it clear that the judgment was based on the court's finding of the facts. In the first place, appellees demurred to the declaration. The demurrer was overruled, pleas filed and issue joined. Then, before the taking of the evidence was begun, they made a motion that the court require appellant to elect as to which of appellees it would offer evidence against, and the reasons assigned for this motion were, that it appeared from the declaration that appellees were not jointly liable and they could not be held severally liable in one action tried at the same time. This motion the court overruled. Appellant then offered its evidence, and at its conclusion appellees made a joint motion that the court find them not guilty. This motion was overruled by the court, and they each separately moved the court to find them, respectively, not guilty, but these motions were also overruled. Similar motions were made by appellees at the close of all the evidence, and they were likewise overruled by the court. By agreement the court, accompanied by counsel and other representatives of the respective parties, went upon and viewed the premises. The case was then submitted upon both the law and the facts. In the appellant's eleventh and twelfth propositions of law the court held that even if the floods that caused the damages were acts of God, still, if it was further found, from the evidence, that defendants

were guilty of the negligence charged, and that said negligence, combined with the act of God, caused the damage, then the law made defendants liable for the damages. By the thirteenth proposition the court held a railroad company had no right to obstruct the natural flow of water and force it in increased quantities upon the land of another, and that if it does so it is liable for the injuries caused thereby. By the fourteenth proposition of appellant the court held it was the duty of a railroad company to so construct and maintain its road across streams and natural water-courses as to inflict no injury upon adjoining lands.

It will be seen that by the eleventh and twelfth propositions the court was asked to, and did, hold that if defendants were guilty of the negligence charged in the declaration they were liable to the plaintiff for the damages sustained thereby. If propositions 11 and 12 did not present the question of joint liability for a ruling,—and appellant does not contend they did,—it is difficult to see how it can be said proposition A presented the question. All that proposition can be said to have asked the court to hold was, that if a preponderance of the evidence showed the defendants guilty of the negligence charged, and that said negligence contributed to the damages suffered by plaintiff, then they were liable. The eleventh and twelfth propositions held (the substance of which we have above quoted) are precisely the same in effect, and the court was not required to repeat the same thing in different propositions.

In our view of the record we would not be justified in disturbing the judgment. We could not do so on the facts, and as it appears from the record the judgment was based on a finding of the facts and not on non-joint liability, that question is not presented for our decision.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*