## MOORE SPINNING COMPANY *vs.* BOSTON ICE COMPANY.

Middlesex.   December 6, 7, 1910. — January 1, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence*, In use of easement. *Easement*, Liability for negligent use of. *Practice, Civil*, Exceptions, Auditor's report. *Damages*, In tort.

In an action by a manufacturing company against an ice company, for damages from the washing away of a part of the bank of a canal maintained by the plaintiff, it appeared that the plaintiff had the right to draw water for its mills through the canal from a certain pond, but that this right was subject to the right of the defendant to cut and take ice from the pond and the canal, that six or seven years before the plaintiff acquired title to its mills the defendant caused a cut to be made in the bank of the canal at a point not far from the pond and built a runway for the purpose of sliding the ice down without lifting it over the bank, that, about two years after the plaintiff acquired title, about eighty feet of the bank of the canal at or near the cut was washed away by a sudden rise of water, causing damage to the plaintiff. The first count of the dec-

laration alleged injury from the making of the cut in the bank for the purpose of constructing a runway, without alleging negligence, and other counts alleged negligence in constructing and maintaining the runway. There was evidence as to the manner in which the cut was made and the runway was built and maintained. The presiding judge refused to instruct the jury that they must find for the defendant on the first count, but instructed them in substance, that the gist of the plaintiff's cause of action was negligence, that the defendant had the right to make the cut and build the runway, but was bound at its peril to see that due care was exercised in doing so, and that, if the washout was caused by negligence of the defendant in the construction and maintenance of the cut and runway and the plaintiff was injured thereby while in the exercise of due care, the defendant was liable. The jury returned a verdict for the plaintiff. *Held,* that, if the first count was defective in not alleging negligence and the instruction requested by the defendant in regard to the first count should have been given, no harm was done to the defendant by the refusal, as under the judge's charge the jury in finding for the plaintiff must have found that the defendant was negligent in making and maintaining the cut and the runway and that the washout and the damage to the plaintiff were due to such negligence.

In an action by a manufacturing company, having a right to maintain a canal to draw water for its mill from a certain pond subject to the right of an ice company to cut and take ice from the pond and the canal, against the ice company for alleged negligence in constructing and maintaining a runway through the bank of the canal for the purpose of sliding ice down, and thereby causing a part of the bank of the canal at or near the cut to be washed away by a sudden rise of water, whereby the plaintiff was put to expense in repairing the break and also was compelled to shut down its mill temporarily for want of water, the only evidence in regard to damages was that contained in the report of an auditor to whom the case had been referred. The auditor's report set out the different items of damage claimed by the plaintiff and what the auditor allowed under each and also set out what the contentions of the defendant were in respect to such items and how these contentions were dealt with by the auditor. The report concluded as follows: "I find that the defendant owes the plaintiff . . . the sum of $7,061.63." The defendant asked the judge to rule that this statement in the auditor's report, " finding that the defendant owed the plaintiff a certain sum," was not evidence and should not be considered by the jury. The judge refused to make this ruling and instructed the jury as follows: " The mere fact that the auditor may have stated at the end of his report that the defendant owes $5,000, or $6,000, is not sufficient for you to make a finding upon in this case. You are to consider all the report; consider it in all its parts. It is not for you to select one or two sentences. I give you instruction on this point to deal with the whole report and see whether you are satisfied from that whole report that the evidence is sufficient to sustain the findings of the auditor." *Held,* that, even if the statement complained of was a conclusion of law rather than a summing up by the auditor and a finding of fact by him, which was not intimated, there was no error in the manner in which the matter was dealt with by the judge.

In an action by a manufacturing company, having a right to maintain a canal to draw water for its mill from a certain pond subject to the right of an ice company to cut and take ice from the pond and the canal, against the ice company for alleged negligence in constructing and maintaining a runway through the bank of the canal for the purpose of sliding ice down, and thereby causing a part of the bank of the canal at or near the cut to be washed away by a sudden rise of water, whereby the plaintiff was put to expense in repairing the break

and also was compelled to shut down its mill temporarily for want of water, the plaintiff, if it prevails, is entitled to recover for the loss of profits due to the interruption of the work of the mill caused by the washout and for the expense to which it was put in repairing the break in the bank of the canal and in securing a temporary supply of water.

MORTON, J. The plaintiff is the owner of mills in North Chelmsford and has the right to draw water for them through a canal from Newfield Pond so called. The defendant owns premises located on the shore of the pond and has the right to cut and take ice from the pond and canal, and the plaintiff's right to draw water is subject to the defendant's right to cut and take ice. The plaintiff can regulate at its mills the height and flow of water in the canal and does so as occasion arises. The defendant has no means of regulating the flow, and, so far as appears, has not claimed or exercised, and does not claim or exercise, any such right or privilege. The plaintiff acquired title in 1903. In 1896 or 1897, before the plaintiff acquired title, the defendant, for the purpose of facilitating the cutting and taking of ice, caused a cut to be made in the bank of the canal at a point not far from the pond and built a runway therein so as to enable it to slide the ice down to and load it in the cars without having to lift it over the bank. It is not contended that the defendant had any express license or permission from the plaintiff's predecessor in title to make and maintain the cut and runway. In December, 1905, about eighty feet of the canal bank was washed away at or near the cut by a sudden rise of water and the plaintiff was put to expense in repairing the bank, and was also compelled to shut down its mills temporarily for want of water. This action was brought to recover for the damages thus sustained. There are three counts in the declaration. The first count alleges in substance that the plaintiff had a right to use the canal for the purpose of conducting water from Newfield Pond to its premises and had a right to have the banks of the canal remain intact for that purpose, but that the defendant made a cut in the bank for the purpose of constructing a runway therein which caused the bank to give way and the plaintiff was thereby deprived of the use of the canal and was put to expense to repair the bank and obtain water and sustained other damages by reason thereof. The second count alleged that the defendant negligently constructed the runway,

and the third that it negligently constructed and maintained it. The case was sent to an auditor * who reported in favor of the plaintiff.   There was a jury trial which resulted in a verdict for the plaintiff.   The auditor's report was introduced in evidence. Numerous requests for rulings were presented by the defendant which were refused except so far as covered by the charge. The case is here on exceptions by the defendant to the refusal of the presiding judge † to give the rulings requested and to certain instructions that were given.

We do not think it necessary to take up and consider in detail the rulings that were requested and refused.   The gist of the plaintiff's cause of action is negligence.   The defendant had the right to make the cut and build the runway, but was bound, at its peril, to see that due care was exercised in so doing, and if the washout was caused by negligence on its part in the construction and maintenance of the cut and runway, and the plaintiff was damaged thereby, while itself in the exercise of due care, then the defendant is liable.   *Ainsworth* v. *Lakin*, 180 Mass. 397. The jury were instructed in accordance with the law as thus stated.   While there may be one or two sentences or expressions in the charge which taken by themselves may seem to import that the defendant was absolutely liable for any damages caused by a washout due to the cut, and had no right to do anything that would interfere in any way with the drawing of water by the plaintiff from the pond through the canal, taking the charge as a whole the jury could not have failed to understand, we think, that the defendant was not liable unless it did not use due care in the construction and maintenance of the cut and runway.   At the close of the charge the jury were expressly instructed at the defendant's request that the plaintiff's right to the use of the canal was subject to the defendant's right to cut and take ice and to its right to enter upon the pond, canal and the banks thereof for that purpose, and that if the jury found that the cutting and maintaining of the trench and runway were done by the defendant in " a reasonable, prudent and proper exercise of the defendant's right to cut, take, store and convey away ice to and from the canal and its right of way to, from and over the canal and the banks thereof . . . then the jury should find

---

* Samuel Bennett, Esquire.   † *Hardy, J.*

a verdict for the defendant." The unavoidable inference from this was, it seems to us, that if the jury found that the defendant built and maintained the cut and runway in a reasonable and prudent manner, that is, if it exercised due care, it was not liable, otherwise it was. In addition to this the presiding judge stated in beginning his charge that each party claimed that its property "has been injured by reason of the negligence or careless conduct of the other." In stating what the plaintiff claimed under his declaration the presiding judge said that it was not contended by the plaintiff that there was anything wilful in the conduct of the defendant but "only such conduct . . . as would be considered negligent or failing to do its duty, failing to do what it should have done under the circumstances." Again he said in speaking of what the duty of the defendant was, that it was "to exercise such right of removing the ice, or passing over the property covered by the easement, in such a way as not to unrea-. sonably interfere with the right of the Moore Spinning Company [the plaintiff] to maintain the canal, . . . to carry water from the pond to its mill. It [the defendant] was called upon to exercise reasonable care in connection with the removal of the ice . . . It was called upon to exercise the care of a person of ordinary prudence under the circumstances, having due regard to what might happen in case such care was not exercised." The charge contains other references of a similar import to the nature of the defendant's duty and we do not see, as we have said, how, taking the charge as a whole, the jury could have failed to understand that the standard required of the defendant was that of due care.

Even if therefore the first count was, strictly speaking, defective in not alleging negligence and the instruction requested by the defendant to that effect should have been given,* no harm was done the defendant by its refusal since under the charge the jury could not have found for the plaintiff unless they found that the defendant was negligent in making and maintaining the cut and the runway and that the washout and the damage to the plaintiff were due to such negligence.

The jury were instructed in a manner not objected to, as we

---

* Among the requests refused were requests for rulings that the jury should find a verdict for the defendant on the first count, and that the first count stated no cause of action.

understand the matter, as to the necessity of the exercise of due care on the part of the plaintiff in regard to regulating the height and flow of water in the canal and the effect upon the plaintiff's right of recovery of failure on its part to exercise such due care. The jury were also instructed, as requested by the defendant, that if they were not satisfied that the washout was due to the cut and that that was the proximate cause of it, they should find for the defendant, and likewise that if the cut was simply a condition and not a cause of the washout that was not sufficient to warrant a verdict against the defendant. There was testimony as to the manner in which the cut was made and the runway built and maintained and it was for the jury to say whether there was negligence on the part of the defendant and whether the washout was due to such negligence. It would have been error to instruct the jury, as requested by the defendant, to return a verdict for the defendant generally or on the second or third count. Mere knowledge on the part of the plaintiff of the existence of the cut and runway did not preclude it from recovery or constitute such an acquiescence in their maintenance as to deprive the plaintiff of a right of action for the damages caused by the washout. There was nothing which warranted a finding that the plaintiff assumed the risk of a washout.

The defendant has not argued the rulings requested to the effect that the facts found by the auditor did not warrant a finding for the plaintiff generally or on either count and we therefore treat them as waived.

What we have said disposes, we think, of all of the requests except those relating to the auditor's report and the question of damages. It does not clearly appear whether the twenty-eighth and twenty-ninth requests * were in the end refused or not. If they were refused no exception appears to have been taken to the refusal.

---

* The twenty-eighth request was for an instruction that, if the jury should find that the plaintiff first acquired title to its mill and water rights several years after the cut in the bank of the canal was made by the defendant, any right of action for the construction of the cut accrued to the then owner of the mill and not to the plaintiff. The twenty-ninth request was for an instruction, that, if the jury should find that the washout was caused by changes in the banks of the canal made by " other persons not in the employ of the defendant," the plaintiff could not recover.

The auditor's report concluded with the following statement comprising the last two lines: "I find that the defendant owes the plaintiff on December 27, 1909, the sum of $7,061.63." The defendant asked the presiding judge to rule that, "The last two lines of the auditor's report, finding that the defendant owes the plaintiff a certain sum are not evidence in this case and should not be considered by the jury in weighing the evidence." The presiding judge refused so to rule and instructed the jury as follows: "The mere fact that the auditor may have stated at the end of his report that the defendant owes $5,000, or $6,000, is not sufficient for you to make a finding upon in this case. You are to consider all the report; consider it in all its parts. It is not for you to select one or two sentences. I give you instruction on this point to deal with the whole report and see whether you are satisfied from that whole report that the evidence is sufficient to sustain the findings of the auditor." The only evidence before the jury in regard to the matter of damages was that contained in the auditor's report, and that set out the different items of damage claimed by the plaintiff, and what the auditor allowed under each and what the contentions of the defendant were in respect to such items and how they were dealt with by the auditor so that the jury were not limited to the last two lines but had the whole matter before them. If the finding by the auditor could not be regarded as a summing up by him and as a finding of fact rather than a conclusion of law, which we do not mean to intimate, it was nevertheless competent for the presiding judge to direct the attention of the jury, as he did, to other portions of the report and for the jury to take the whole report into consideration in passing upon the question of damages. We see no error in the manner in which this matter was dealt with.

In regard to damages the general rule is that a wrongdoer is "liable for any injury which is the natural and probable consequence of his misconduct. He is liable not only for those injuries which are caused directly and immediately by his act, but also for such consequential injuries as, according to the common experience of men, are likely to result from his act." *Derry* v. *Flitner*, 118 Mass. 131, 134. *Stock* v. *Boston*, 149 Mass. 410. Applying the rule thus laid down, it is plain that the plaintiff was entitled to recover for the loss of profits due to

the interruption of the mills caused by the washout, and for the expense to which it was put in repairing the break in the bank of the canal and in securing a temporary supply of water. There is nothing to show that the damages thus sustained were not the natural and probable consequences of the washout and could not be ascertained with reasonable certainty and without resort to speculation, and the defendant is therefore liable for them. *White* v. *Moseley,* 8 Pick. 356. *French* v. *Connecticut River Lumber Co.* 145 Mass. 261. *Stock* v. *Boston, supra.*

*Exceptions overruled.*

The case was argued at the bar in December, 1910, before *Knowlton,* C. J., *Morton, Loring, Sheldon,* & *Rugg,* JJ., and afterwards was submitted on briefs to all the justices then constituting the court except *Loring,* J.

*R. B. Stone,* for the defendant.

*W. D. Turner, (J. D. Colt & S. S. FitzGerald* with him,) for the plaintiff.