## MAGNOLIA PETROLEUM CO. v. DODD.
### No. 7670.

Court of Civil Appeals of Texas. Austin.
June 22, 1932.

Rehearing Denied July 13, 1932.

waste oil pick-up station, sustained when logs, fallen trees, heavy lumber, and derrick material, left by appellant on its oil leases in and along the banks of Seals creek and its tributaries, were washed downstream by flood waters and struck, jammed, broke, and flooded the pick-up station. A jury trial upon special issues resulted in judgment for appellee in the aggregate sum of $1,200; hence this appeal.

Appellee alleged in substance that he owned and operated an oil pick-up station, a device for capturing fugitive oil from the waters of Seals creek; that appellant owned and operated oil leases on Seals creek and its tributaries above the pick-up station; that appellant negligently left logs, fallen trees, heavy lumber, and derrick material on its oil leases in and along the banks of Seals creek and its tributaries, so that they were washed downstream by flood waters in March and April, 1928, and in March and April, 1929; and struck, jammed against, broke, and flooded the pick-up station; and that as the direct and proximate result of such negligence appellee suffered damages in the aggregate sum of $14,000, for loss of captured oil, for loss of oil not captured while the pick-up station was being repaired, for repairs to the pick-up station, and for injury to the pick-up station.

The first proposition presented is whether the trial court erred in refusing to sustain appellant's so-called special exception to the effect that appellee's petition did not show how the alleged acts of leaving logs, fallen trees, heavy lumber, and derrick material on the banks of the creek constituted negligent acts, or any breach of duty owed by appellant to appellee. In briefing this proposition, appellant contends as follows:

(1) That while appellee alleged certain negligent acts, the facts alleged with reference to leaving logs, etc., on the leases did not show how the acts constituted negligence; but to the contrary showed only a reasonable use of the premises.

(2) That appellant had the right to place such logs, etc., on its premises, and to subject the waters of Seals creek to a reasonable use in floating them downstream.

(3) That the facts alleged did not show any breach of duty owed by appellant to appellee.

While appellant designates its exception to the petition a special exception, it is in effect a general demurrer or exception, because it attacks the substance rather than the manner and form of appellee's pleadings. That is, it merely attacks the petition on the ground that it does not show how the alleged acts of leaving logs, etc., on the banks of the creek constituted negligent acts, or any breach of duty. An exception on the

W. H. Francis, A. S. Hardwicke, and Walace Hawkins, all of Dallas, and C. F. Richards, of Lockhart, for appellant.

Jno. N. Gambrell and Tom Gambrell, both of Lockhart, and Hart, Patterson & Hart, of Austin, for appellee.

BLAIR, J.

Appellee sued appellant for damages to and in connection with the operation of his

ground that the petition does not show in what respect or manner certain alleged acts of the defendant are negligent acts is but a general exception under the rule announced by the following authorities: Weatherford, etc., Ry. Co. v. Granger, 85 Tex. 574, 22 S. W. 959; Gulf, C. & S. F. Ry. Co. v. Smith, 74 Tex. 276, 11 S. W. 1104; Gulf, C. & S. F. Ry. Co. v. Wilson, 79 Tex. 374, 15 S. W. 280, 11 L. R. A. 486, 23 Am. St. Rep. 345; Galveston, etc., Ry. Co. v. Croskell, 6 Tex. Civ. App. 160, 25 S. W. 486; Donnell v. Currie, 62 Tex. Civ. App. 134, 131 S. W. 88; and rule 18 of district and county courts, which provides that "in passing upon such general exception every reasonable intendment arising upon the pleading excepted to shall be indulged in favor of its sufficiency." These rules were applied in the case of Humphreys Oil Co. v. Liles (Tex. Com. App.) 277 S. W. 100, 102, as follows: "In testing the petition upon general demurrer the rule is, a liberal construction supplying every fact that may be reasonably inferred from the language used, and even more so after verdict, is the pleading favored. A verdict cures every defect except the want of a cause of action." Folschinsky v. Rocha (Tex. Civ. App.) 41 S.W.(2d) 333.

Tested by the above rules, appellee's petition was sufficient as against the general demurrer or exception. It alleged in substance and by reasonable inference that appellant as an upper riparian owner and operator of oil leases on Seals creek and its tributaries, negligently and in disregard of its duty and the rights of appellee, a lower riparian owner and operator of a waste oil pick-up station, left logs, fallen trees, heavy lumber, and derrick material in and along the banks of the creek and its tributaries, so that flood waters washed them downstream against appellee's pick-up station, causing damages. It is manifest from these allegations that appellee was charging appellant with a negligent and unreasonable use of its leased premises, and its right to use the stream for floating logs, etc., by leaving thereon logs, fallen trees, heavy lumber, and derrick material in and so near the banks of the creek and its tributaries that they would be washed downstream against appellee's pick-up station, and would as the result of such negligence injure it.

But if appellant's exception be regarded as a special exception, there is no merit to its contention 1, that the petition failed to show how the alleged negligent acts of leaving the logs, etc., on the banks of the stream constituted negligence. The rule applicable is well stated in the recent case, Gushulas v. Schroeder & Tremayne, Inc., 225 Mo. App. 567, 22 S.W.(2d) 872, 874, by the Missouri Court of Appeals, that: "It is well to be reminded here again that the term 'neg-ligence,' or 'negligently,' when used to characterize an act, is the expression of a fact, and is not a mere epithet or legal conclusion. It is not necessary in pleading negligence to plead the facts showing that the act complained of was a negligent act. It is sufficient, even for a pleading good against seasonable attack, to describe the act with a reasonable degree of particularity, and allege that the act was negligently done. It is then for the jury to say, under the evidentiary facts, whether or not the act was negligently done." This is but a restatement of the rule as followed in Texas from an early day. Texas & P. Ry. Co. v. Murphy, 46 Tex. 366, 26 Am. Rep. 272; Rowland v. Murphy, 66 Tex. 534, 1 S. W. 658; G., H. & S. A. Ry. Co. v. Croskell, 6 Tex. Civ. App. 160, 25 S. W. 486; San Antonio St. Ry. Co. v. Muth, 7 Tex. Civ. App. 443, 27 S. W. 752; East Line & R. R. Ry. Co. v. Brinker, 68 Tex. 502, 3 S. W. 99.

Nor is there any merit to appellant's contention 2, that it "had the right to place timbers on its premises, and even to subject the waters in said stream to a reasonable use in floating timber down stream"; and that the petition should have alleged facts negativing this right. Such right was a matter of defense and was not urged in any manner on the trial of the case. Appellant offered no evidence showing or tending to show that it had ever used or intended to use the stream and its flood waters for floating downstream the logs, fallen trees, heavy lumber, and derrick material left on the bank of the creek on the leased premises; nor that on the four occasions in question was appellant attempting to float such timber and material downstream in the exercise of any right to reasonably use the stream for that purpose. But if appellant had the right to float the timber and material in question downstream, the petition sufficiently alleged that appellant negligently exercised that right by negligently leaving large amounts of such timber and material in and along the banks of the stream so that flood waters would wash them downstream, thereby damaging appellee's property.

Nor is there any merit to appellant's contention 3, that the petition failed to allege facts showing any breach of duty owed by appellant to appellee. The rule of law is well settled that where a petition alleged facts which constitute a breach of duty, it is not necessary to allege expressly the existence of such duty. Or, as was said in Ramsay v. Tuthill Bldg. etc., Co., 295 Ill. 395, 129 N. E. 127, 129, 36 A. L. R. 23, "It is not necessary that the declaration should allege in terms that it was the duty of the defendant to do or not to do a particular thing where facts are alleged from which that duty appears." Brothers' Adm'r v. Rutland Ry. Co., 71 Vt. 48, 42 A. 980. Appellee alleged that appellant, an up-

per riparian owner, negligently left logs, etc., on its premises on the banks of a stream so that they washed downstream and injured the property of appellee, a lower riparian owner. The only reasonable inference to be drawn from these alleged facts is that appellant breached a duty owing appellee in that regard.

It is true that the law would recognize the right of appellant, as an upper riparian owner on Seals creek and its tributaries, to reasonably use such streams for the purpose of floating logs, etc., downstream; but the law is as equally well settled that it must not unreasonably or negligently exercise that right in the manner of putting the logs, etc., in and floating them downstream. Canfield v. Andrew, 54 Vt. 1, 41 Am. Rep. 828; Huff v. Kentucky Lbr. Co. (Ky.) 45 S. W. 84. The petition charged appellant with having carelessly and negligently left a large amount of logs, fallen trees, heavy lumber, and derrick material on its leases in and along the banks of the streams so that flood waters washed them downstream against the pick-up station, breaking and flooding it and causing the damages alleged. The petition is therefore sufficient, even against the special exception, if it be regarded as a special exception, that it did not allege expressly how appellant had breached any duty it owed appellee, because the petition described the acts, leaving logs, etc., in and on the banks of the stream so that they would be washed downstream by flood waters, with a reasonable degree of particularity; and alleged that such acts were negligent. It is also manifest that the allegations that appellant carelessly and negligently left logs, etc., on the banks of the stream, would negative any claim that appellant was exercising reasonable care in the manner of putting the logs, etc., in and floating them downstream.

However, as above pointed out, the case was not tried solely upon the theory, if at all, that appellant on the four occasions in question was attempting, either in a reasonable or unreasonable manner, to place the logs, fallen trees, heavy lumber, and derrick material in and float them down the stream; but the allegations of the petition and proof in support of them were to the effect that the logs, etc., were left by appellant on its premises in and along the banks of the stream as waste matter or débris, and that appellant was guilty of negligence in leaving such waste matter or débris on the banks of the stream so that flood waters would wash them downstream and against the pick-up station, breaking and flooding it. The petition was, therefore, good against either a general or special exception under the rules above stated, when the rule of law governing the liability of appellant is applied to the facts alleged.

The liability of appellant, as an upper riparian owner, for leaving waste matter or débris on its premises in and along the banks of the stream so that flood waters would wash them downstream, arises from the relation which existed between it and appellee as a lower riparian proprietor on the stream; and such rule of liability finds its foundation in the general principle, applicable in both law and equity, that one must use his own property so as not to injure that of another. Canfield v. Andrews, supra; Little Schuylkill Navigation Co. v. Richards' Adm'r, 57 Pa. 142, 98 Am. Dec. 209; Frye v. Moor, 53 Me. 583; Moore Spinning Co. v. Boston Ice Co., 210 Mass. 364, 97 N. E. 62; Wm. Tackaberry Co. v. Sioux City Service Co., 154 Iowa, 358, 132 N. W. 945, 134 N. W. 1064, 40 L. R. A. (N. S.) 102, Ann. Cas. 1914A, 1276; Equitable Powder Mfg. Co. v. Cleveland, C. C. & St. L. R. Co., 155 Ill. App. 265; Id., 246 Ill. 582, 92 N. E. 979; Cooley on Torts, pp. 285-287. And since appellee's petition alleged the relation of the parties as riparian owners, and that appellant negligently left the timbers and material on the banks of the stream so that flood waters would wash them downstream against the pick-up station, it showed a duty owing by appellant to appellee to not leave these waste matters or débris on the banks of the stream, and a breach of that duty. It was then for the jury to determine, under all the facts and circumstances surrounding the parties, whether or not appellant acted negligently in leaving the timbers and material on its premises so that flood waters would wash them downstream.

By its second and third propositions, appellant contends that the evidence fails to sustain the jury's findings that it made an unreasonable use of its premises; that it was negligent in leaving and placing the timbers and material in question thereon; and that it left or placed the timbers and material in and along the banks of the streams so that they were washed downstream by flood waters. The propositions are not sustained.

Briefly, the evidence showed the relation of appellant and appellee to be upper and lower riparian owners. That appellee operated a pick-up station, describing it, and showing its susceptibility to injury from such timbers and derrick materials washing into it. That prior to the four flood occasions in question appellee went upstream from his station, and cleared the banks of Seals creek and its tributaries of logs, fallen trees, heavy lumber, and derrick material up to appellant's premises. That appellee requested appellant's agent in charge to clear its premises on the banks of the streams, or permit him to clear same, of the timbers and material in question, warning appellant's agent of the danger of their being washed downstream by flood waters and injuring appellee's pick-up station.

That appellant's agent refused to grant either request. That on each of the four flood occasions in question appellee's pick-up station was struck, broken, jammed up, and flooded by these large timbers and derrick material which appellee testified he had seen on appellant's premises in and along the banks of the streams in question. This evidence sufficiently supported the jury findings on the issues presented in each of appellant's above propositions.

By its fourth proposition appellant contends that "the finding of the jury that the loss of oil captured and held in appellee's catch-pit, aggregating $600.00, was proximately caused by and the direct result of the alleged act of appellant in leaving timbers, derrick materials, etc., upon its said leases within the watershed of Seals Creek, is wholly unsupported by and contrary to the evidence." These contentions are not sustained. With reference to the question of proximate cause, the following testimony of appellee sustains the jury's finding: "The water got into my catch pit and run the oil out. As to how the water got into it, when these logs and timbers came down the creek they piled up against my flume and floats, and the water broke over my levee into the catch pit and floated the oil downstream. * * * I suffered from the logs and timbers coming down the creek, not from the water. These logs and timbers would come down and lodge against my floats and flume and that would cause the water to overflow my catch pit."

Appellee's testimony also supports the finding of $600 damages. It is true there was evidence which might affect the credibility of appellee's testimony as to the amount of damages suffered from loss of captured oil, but this was a matter for the jury.

Nor is the fifth proposition sustained. It complains that certain items of damages for repairs on the pick-up station were not recoverable. Reasonable costs of repairing the pick-up station so as to put it in condition it was prior to the damages caused by appellant's logs, etc., floating down stream, breaking and flooding it, were recoverable. Jackel v. Reiman, 78 Tex. 588, 14 S. W. 1001; G., H. & S. A. Ry. Co. v. Chittim, 31 Tex. Civ. App. 40, 71 S. W. 294; G., C. & S. F. Ry. Co. v. McMurrough, 41 Tex. Civ. App. 216, 91 S. W. 320.

By its sixth proposition appellant contends that the court erred in refusing to render judgment for it upon the finding of the jury that the alleged negligent acts of appellant in leaving and placing heavy lumber and timbers, etc., on its leases were not "the proximate cause of all appellee's damages" as alleged in his petition. The proposition is not sustained.

The jury found in answer to special issues submitting appellee's theory of recovery that appellant left and placed the heavy lumber and timber on its leases in such position that flood waters would float them downstream to appellee's pick-up station; that such acts constituted negligence; and that "as a direct result of the negligence" of appellant appellee was damaged in the aggregate sum of $1,200.

Special issue No. 20, requested by appellant, and the jury's answer thereto, are as follows: "Do you find from the preponderance of evidence that the damages, if any you find, occurring to plaintiff's waste oil catching station in 1928 and 1929, as alleged by plaintiff, was caused solely and exclusively from trunks of trees, heavy logs, fallen trees, heavy lumber and derrick materials coming from the leases of defendant Magnolia Petroleum Company? Answer yes or no." Answer: "No."

Special issue No. 21, requested by appellee, and the jury's answer thereto, are as follows:

"If you find from a preponderance of the evidence that the damage if any you find under the special issues submitted to you by the court in its charge were not caused solely and exclusively by the defendant, but were in part caused by trunks of trees, heavy logs, fallen trees, heavy lumber and derrick materials floated down Seals Creek and the East Fork thereof from lands not under the control of the defendant, the defendant would be liable only for the damages which directly and proximately resulted from its own negligence, and you will, if you so find, answer the following questions:

"1. What part of the damages, if any you have found from a preponderance of the evidence in this cause, to plaintiff were caused by the negligence of the defendant, as the term negligence has been defined by the court?"

Answer: "50%."

Under the allegations that the negligent acts of appellant "were the proximate cause of all plaintiff's aforesaid damages," it was not necessary for appellee to prove that appellant was the sole cause of his damages, because appellant was liable for the proportion of the damages directly caused by its negligence, even though other persons, acting independently of appellant, may have contributed to the injury. The rule of law applicable is stated in Sun Oil Co. v. Robicheaux (Tex. Com. App.) 23 S.W.(2d) 713, 715, as follows: " * * * Where a person contributes to an injury along with others, he must respond in damages, but if he acts independently, and not in concert of action with other persons in causing such injury, he is liable only for the damages which directly and proximately result from his own act, and the fact that it may be difficult to define the damages caused

by the wrongful act of each person who independently contributed to the final result does not affect the rule. * * *"

The effect of appellee's pleadings was that appellant caused all of his damages. The proof showed that appellant caused only a part of the damages. A plaintiff is entitled to recover any amount less than sued for, which the evidence will sustain. San Antonio & A. P. Ry. Co. v. Wood, 41 Tex. Civ. App. 226, 92 S. W. 259; 17 C. J. p. 1023, § 321.

By its seventh proposition appellant contends that the jury's finding in answer to special issue No. 20, to the effect that not all of appellee's damages was "caused solely and exclusively" by the negligent acts of appellant, is in conflict with the jury's findings in answer to special issues Nos. 4, 5, 6, and 7, to the effect that "as a direct result of the negligence" of appellant appellee was damaged in the amount found. This proposition merely presents in another form the question presented and disposed of by the sixth proposition, and it is not sustained.

Appellant's eighth proposition is sustained. It complains that the judgment for $1,200 does not conform to the verdict or findings of the jury, in that the jury found, in answer to special issues Nos. 20 and 21, that only one-half the damages found by the jury in answer to previous questions was the result of appellant's negligence. It is manifest from a reading of the issues that the jury intended to find by their answers to issues 20 and 21 that only 50 per cent. of the total damages found by the jury in answer to previous issues submitted was the direct result of appellant's negligence in leaving and placing logs, etc., in and along the banks of the creek so that they were washed downstream by flood waters. There would have been no reason for submitting special issues 20 and 21 and the instructions with reference to the liability of appellant for only such damages as were caused directly and proximately by its negligence, unless the court intended to ascertain from the findings of the jury to these issues what amount of the damages theretofore found as the total damages was chargeable to appellant. The evidence raised the issue of whether logs, etc., coming from appellant's premises caused all the damages; or whether logs, etc., coming from other leases, belonging to other persons and companies, caused or partially caused the damages complained of by appellee; and it is a mere matter of speculation as to whether the jury had in mind other damages to appellee than found in answer to previous issues. It is also clear from the language, "if you find from a preponderance of the evidence that the damage, if any you find under the special issues submitted to you by the court in its charge," as used in the instruction in connection with special issue

No. 21, and the language, "what part of the damages, if any you have found from a preponderance of the evidence," as used in special issue 21, clearly directed the minds of the jury to the total damages found in answer to the previous questions submitted in the case, and not to some larger amount which the jury may or may not have had in mind, and which may or may not have been supported by the evidence. We therefore reform the judgment of the trial court so as to allow appellee to recover only one-half of the $1,200 found by the jury to be the total damages sustained by appellee; or that appellee recover judgment for $600, together with interest thereon from the date of the trial court's judgment at the rate of 6 per cent.

Judgment reformed and affirmed.

Reformed and affirmed.