JOINER v. CITIZENS' NAT. BANK et al.
(No. 572.)

(Court of Civil Appeals of Texas. El Paso. May 11, 1916.)

LANDLORD AND TENANT ☞180(3) — WRONGFUL EJECTION—PETITION—SUFFICIENCY.

A petition praying damages for plaintiff's wrongful eviction from demised premises, states a cause of action as against general demurrer, though it did not allege whether the rent was to be paid in cash or crops, it being averred that the lease was for a valuable consideration, for on general demurrer pleadings are liberally construed.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 721, 722; Dec. Dig. ☞ 180(3).]

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Suit by Joe Joiner against the Citizens' National Bank and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Ben L. Cox, of Abilene, for appellant. J. M. Wagstaff, of Abilene, for appellees.

HARPER, C. J. This suit was instituted by appellant by a petition filed in the district court of Taylor county, containing the following allegations of fact:

"That plaintiff was the owner of a lease to a certain tract of land for the year 1914, which tract of land is described as a tract of land situated in Taylor county, Texas, and consisting of about 112 acres of the Willis Avery survey and situated about eleven miles west (a little southwest) of the city of Abilene on the South Canon and Abilene public road, lying immediately south of and across the road from the Van Pannell place and being the same tract of land leased to this plaintiff by T. A. Bledsoe for the years 1912, 1913, and 1914, which tract of land was formerly owned by T. A. Bledsoe.

"That while the said T. A. Bledsoe was the owner of the title to said premises, this plaintiff leased said premises from the said T. A. Bledsoe for a term of three (3) years beginning the 1st day of January, 1912, and ending the 31st day of December, 1914, and that in pursuance of said lease contract, plaintiff entered into possession of said premises on the 1st day of January, 1912, and carried out and complied with the terms of said lease contract for the years 1912 and 1913, and was still in possession and control of said premises under said lease contract on the 1st day of January, 1914, under and by virtue of said lease contract.

"That prior to said 1st day of January, 1914, the said T. A. Bledsoe ceased to be the owner of said premises and the title to same was acquired by defendants, and on said 1st day of January, 1914, the defendants were the owners of said premises and the title thereto.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"That after the defendants had acquired the title to said premises, this plaintiff, desiring to render the balance of his said leasehold of said premises agreeable to defendants, consulted with defendants and made a contract with defendants, as the then owners of said premises for the lease of same for the year 1914, and defendants did lease said premises to this plaintiff for the year 1914 and did contract with this plaintiff for this plaintiff to remain in the exclusive custody and control and possession of said premises for said year, and for a valuable consideration, this plaintiff did retain said lease for said year and was carrying out his part of said contract.

"That after the 1st day of January, 1914, while this plaintiff was still in possession and control of said premises and carrying out his said lease contract of said premises as aforesaid and without his knowledge and consent, defendants breached their said lease contract with this plaintiff and leased said premises to another party or parties, and by force ejected plaintiff from the possession and control of said premises to another party or parties, and by force ejected plaintiff from the possession and control of said premises and took possession of said premises themselves by placing in control of same another tenant, to wit, one Will Parmelly, which action on the part of the defendants resulted in damages to this plaintiff as will be shown hereinafter.

"That when plaintiff was ejected from said premises, said land had a crop of oats growing thereon which belonged to this plaintiff, and that defendants and their said tenant Parmelly took possession of said oat crop and said premises and after said crop had matured, the defendants and their said tenants harvested said oats and converted the same to their own use and benefit, and that, in addition to said oat crop which plaintiff lost, plaintiff also lost the use of said premises as a pasture from the time he was ejected therefrom up until about the 15th day of March or for a period of about two and one-half months; that he lost also the use of said premises as a pasture from the time said oats were harvested and removed from said premises until the end of said year.

"That said oat crop yielded and produced about one thousand eight hundred (1,800) bushels of oats which were reasonably worth in the market at said time the sum of 40 cents per bushel, aggregating the sum of seven hundred and twenty ($720.00) dollars.

"That the value of the use of said premises as a pasture from about the 15th day of July, 1914, when said crop was removed therefrom, until the end of said year was the sum of seventy-five ($75.00) dollars.

"That in addition to said items of damage, this plaintiff has been further damaged in the sum of two hundred ($200.00) dollars by virtue of the fact that said oat crop was not grazed by stock as it should have been after the 3d day of January, 1914, when plaintiff was ejected therefrom by the defendants, but on said 3d day of January, plaintiff was ejected from said premises and all stock removed therefrom and said oats were not grazed thereafter, all of which resulted to the damage of said oats by virtue of same resulting in the maturing of said oats at too early a date and resulted in some of said oats being killed by cold weather which would not have occurred had said oats been grazed down by stock as they should have been and as they would have been had this plaintiff not been ejected therefrom; that the defendants were duly notified by this plaintiff as to the condition of said oats and they were duly notified by this plaintiff that stock should be left on said oats in order that they might be grazed as aforesaid, but defendants ignored said notices so given to them by this plaintiff and refused to permit plaintiff's stock to remain thereon, and failed to put their stock thereon in order to keep said oats properly grazed down during said winter months; that by virtue of said actions of defendants said oat crop was damaged in that it would have produced at least five hundred (500) bushels more than it did produce, had said oats been properly grazed, which said 500 bushels of oats would have been worth the sum of two hundred ($200.00) dollars.

"Wherefore, premises considered, plaintiff prays for citation in terms of the law and upon final hearing hereof, for judgment for his damage against the defendants in the sum of one thousand and forty-five ($1,045.00) dollars, and for general and special relief, both in law and in equity as he may be entitled to in the premises and in duty bound will ever pray."

Appellee filed general demurrer, which was sustained by the court and the cause dismissed, from which this appeal is prosecuted.

On general demurrer, pleadings are liberally construed, and all reasonable inferences from the facts alleged in the pleading, as a whole, should be made in aid thereof. Towne's Texas Pleading, p. 530.

The appellee urges that because appellant did not allege whether the rental to the landlord was to be cash or a portion of the crops, no measure of damages could be arrived at. The allegations in the petition are that the lease for one year was for a valuable consideration, which is sufficient to set up a definite contract for one year, and in absence of a special exception pointing out the defect, are sufficient to admit proof, and upon the proof the court could determine the true measure of damages, for under this allegation plaintiff could prove payment in advance.

Reversed and remanded.