## FOLSCHINSKY v. ROCHA.
### No. 7630.

Court of Civil Appeals of Texas. Austin.
July 8, 1931.

Rehearing Denied July 25, 1931.

E. A. Wallace, of Cameron, for appellant.
E. A. Camp, of Rockdale, for appellee.

BLAIR, J.

The sole question involved in this appeal is the sufficiency of appellee's petition to state a cause of action as against the general demurrer overruled. It alleges that appellee rented appellant's land for the year 1929, on the halves; that appellee planted and gathered 92 bales of cotton; that appellant requested that all the cotton be delivered to him so that he might market same, which was done; that appellee owed appellant for supplies for the year, which were paid out of the first cotton sold, but that out of the last 48 bales of cotton so delivered appellant failed and refused to pay appellee his one-half; that appellant refused to furnish appellee an account of sales of any of the cotton, or to furnish him any information of the prices for which he sold the cotton, or the cotton seed, although all of the records and information were and are in appellant's possession, which he was notified to produce on the trial, together with all records of sales, bills, or invoices, otherwise secondary evidence thereof would be offered; that appellee was unable to state the exact amount due him from appellant for his one-half of the cotton and cotton seed, but believed and alleged same to be $1,500, for which amount he prayed judgment.

The jury found that appellee was due $433.38, and judgment was accordingly rendered for that amount; hence this appeal.

■■ We have reached the conclusion that the petition states a cause of action for an accounting upon the rental contract and for the amount due appellee out of the 92 bales of cotton and cotton seed, particularly the last 48 bales, delivered to appellant for sale, under the rule that as against the general demurrer the petition will be construed favorably to the pleader as stating a cause of action. Joiner v. Citizens' Nat. Bank (Tex. Civ. App.) 186 S. W. 390; Saner-Ragley Lbr. Co. v. Spivey (Tex. Civ. App.) 255 S. W. 193.

Nor was appellee required to allege the specific amount due him. He alleged that all the cotton was turned over to appellant for sale, and that all information as to the sales price was in the possession of appellant, who refused to give any information or account to him for the cotton and cotton seed; and he was therefore excused from alleging any specific amount due him. Under such circumstances he was only required by his pleadings to advise appellant of the basis of his demand or cause of action. This he clearly did by informing him that he was demanding an accounting for the 92 bales of cotton and the cotton seed which appellee had turned over to him for sale; and particularly for the last 48 bales which appellant alone knew the amount they sold for, he being in possession of all records of prices, weights, and invoices.

Another rule applicable here, testing the sufficiency of the petition after verdict and judgment as against a general demurrer, is that stated in Humphreys Oil Co. v. Liles (Com. of App.) 277 S. W. 100, 102, as follows: "In testing the petition upon general demurrer the rule is, a liberal construction supplying every fact that may be reasonably inferred from the language used, and even more so after verdict, is the pleading favored. A verdict cures every defect except the want of a cause of action."

The judgment of the trial court will be affirmed.

Affirmed