**NATIONAL LIFE & ACCIDENT INS. CO. v. HINEŞ.**

No. 7709.

Court of Civil Appeals of Texas. Austin.
May 4, 1932.

Rehearing Denied May 25, 1932.

Tyler, Hubbard, Countess & White, of Belton, for appellant.

Byron Skelton and Frank Coleman, both of Temple, for appellee.

BLAIR, J.

Appellant issued its insurance policy No. E-10443695 to Whit Washington, agreeing that upon his death it would pay appellee, Clara Hines, as beneficiary named in the policy, the sum of $270. Washington died and appellee made proper proof of his death and demanded payment of the $270, which appellant refused to pay. This suit followed and appellee recovered judgment for $270 on the policy, plus the 12 per cent. statutory penalty, and $150 attorney's fees, aggregating $452.40; hence this appeal.

Appellee's petition alleged that she was named beneficiary in the policy; that the policy bound and appellant became liable to pay appellee the sum of $270, the full face value of the policy, upon the death of Whit Washington; that due proof of the death of Washington was made to appellant; that although often requested to do so, appellant failed and refused to pay the said sum of $270, or any part thereof; that appellee employed the counsel named to bring this suit; and that $150 was a reasonable attorney's fee; and prayer was for face value of the policy, 12 per cent. statutory penalty, attorney's fees, interest, and costs.

■■ Appellant contends that its general demurrer to appellee's petition should have been sustained: (a) Because no clause or term of the policy was pleaded showing appellant liable for the full face value of the policy; (b) because there was no allegation that "due proof of death" was such as was required by the contract of insurance; and (c) because, as to the statutory penalty and attorney's fees, there was no allegation as to when demand for payment was made upon appellant, or that it failed to pay within thirty days after demand. The contentions are not sustained under the rules that as against a general demurrer a petition is construed favorably to the pleader as stating a cause of action, and that after a verdict every defect of a petition is cured except the want of a cause of action. Folschinsky v. Rocha (Tex. Civ. App.) 41 S.W.(2d) 333.

The jury's finding that Whit Washington was only fifty-three years of age when he signed the application for the insurance is sustained by the evidence, and appellant's contention to the contrary is overruled.

■ Appellant claims prejudicial error arising from the manner of submitting the special issues to the jury. No objection was made by appellant as to the manner of submitting the issues, and the assignment is overruled.

■ Appellee alleged that at the time the policy was issued Whit Washington was indebted to her for certain items pleaded; and that it was agreed between them that this indebtedness, aggregating more than the face value of the policy, would be paid at Washington's death out of the proceeds of the policy. Appellant pleaded the two years' statute of limitation (Rev. St. 1925, art. 5526) as to these items of indebtedness, which the court overruled, and appellant insists that this action was error. It is the contention of appellant that it held the proceeds of the policy in trust for the estate of the deceased, and that it was its duty to protect the trust estate by the plea of the statute of limitation as to any item of the creditor shown to be barred by limitation. The contention is not sustained for two reasons: First, because the jury found that appellee was due on items not barred by limitation more than the face value of the policy. Second, the children and heirs of Washington were made parties to this suit. They answered that Washington died intestate; that no debts were owed by his estate and that no necessity existed for an administration of his estate; and that they were entitled to the insurance accruing to his estate under the policy in suit. The heirs of Washington did not plead limitation as to any item of indebtedness due appellee, and have not appealed from the adverse judgment in favor of appellee. Appellant cannot plead limitation as to any items of indebtedness due appellee, and thereby defeat its liability on the policy; but, if at all, only as trustee of the insurance

for some possible claimant; and since this judgment determines as between all possible claimants to whom the insurance belongs, appellant has no further concern, except to pay the proceeds of the policy to appellee as directed by the judgment.

On the day this cause proceeded to trial, appellant filed an amended answer, alleging for the first time that in consideration of the payment of $23.50 to appellee she executed a written settlement agreement and release of her claim under the policy. It seems that after this pleading was filed it remained in the possession of counsel for appellant until on cross-examination of appellee concerning the release her counsel learned for the first time of the filing of this pleading, and appellee immediately asked and was granted permission to file a trial amendment, alleging: (1) That she did not make or execute any such settlement agreement or release; and (2) that if any such agreement or release was executed, she had no knowledge of it, and that it was obtained by the fraudulent representations of appellant's agent, made for the purpose of persuading her to take the $23.50 check, to the effect that the balance of the face value of the policy would be sent her by appellant within a few days; and that appellee had not cashed the check, and tenders same to appellant.

■ Appellant moved to strike out the trial amendment, or to continue the cause so as to enable it to meet the testimony of appellee in support of her pleadings of fraud. Neither the motion to strike out the trial amendment, nor for a continuance, nor the motion for a new trial showed that if the continuance had been granted any evidence rebutting the testimony of appellee could have been secured; and in absence of such showing the refusal to continue the case was not error. W. U. Tel. Co. v. Hicks (Tex. Civ. App.) 47 S.W.(2d) 466, and cases there cited.

■ Nor did the trial court err under the facts stated in permitting the filing of the trial amendment. The law is well settled that the filing of a trial amendment rests largely in the discretion of the trial court; that such discretion will not be disturbed in absence of a clear showing of abuse thereof. Rivers v. Griffin (Tex. Civ. App.) 16 S.W.(2d) 874, and cases there cited.

■ The jury found in answer to a special issue submitted that appellee "did not agree upon a full settlement of her claim against the defendant company in consideration of the payment to her of $23.50 by check" of appellant. In view of this finding, to which there is no objection, the issue of fraud became immaterial, and appellant's exceptions to the trial amendment as being insufficient to allege certain elements of fraud also became immaterial. In other words, the fraud issues became immaterial in view of the jury's find-

ing on the other controlling issue that appellee did not make the alleged settlement or release agreement; and if it be conceded, which we do not concede, that it was error for the court to overrule the special exceptions to the trial amendment as not alleging all elements of fraud, the error may be regarded as harmless under the following authorities: Becker et al. v. Wm. Cameron & Co. (Tex. Civ. App.) 22 S.W.(2d) 951; Travis v. Pratt (Tex. Civ. App.) 254 S. W. 506; Federal Life Ins. Co. v. Sweeney (Tex. Civ. App.) 18 S.W.(2d) 702; Oppenheim v. Swinehart Tire & Rubber Co. (Tex. Civ. App.) 22 S.W. (2d) 991; Whitmore v. McNally (Tex. Civ. App.) 39 S.W.(2d) 633; Randle v. Naugle (Tex. Civ. App.) 299 S. W. 297; Castleberry v. Frost-Johnson Lbr. Co. (Tex. Com. App.) 283 S. W. 141; Speer's Law of Special Issues, p. 570. We are also of the opinion that the trial amendment, as above set out, sufficiently alleged all necessary elements of fraud.

■ The remaining questions briefed by appellant relate to the allowance by the jury of $150 as attorney's fees for services of appellee's counsel herein. The pleadings alleged that "due proof of death" of Washington was made to appellant; that although often requested to do so, appellant had failed and refused to pay appellee the sum of $270 due on the policy; that appellee employed counsel named to bring this suit; and that $150 was a reasonable attorney's fee for their services. These pleadings were sufficient as against the general demurrer, although it was not alleged that demand for payment was made more than 30 days prior to filing this suit. The evidence is undisputed that proper proof of death of Washington was made to appellant; that appellee's counsel by letter demanded payment of the full face value of the policy plus 12 per cent. statutory penalty more than 30 days prior to filing this suit; and that by reply letters appellant refused to pay the policy, or to do more than return $23.50 paid as premiums on the policy by appellee for the insured. The pleadings and evidence, therefore, authorized the recovery of attorney's fees under the following authorities: Folschinsky v. Rocha (Tex. Civ. App.) 41 S.W.(2d) 333; First Texas Prudential Ins. Co. v. Long (Tex. Civ. App.) 28 S.W.(2d) 220, writ of error refused; National Mut. Ben. Ass'n v. Aaron (Tex. Civ. App.) 45 S.W.(2d) 371.

■ We have reached the conclusion, however, that $150 is excessive as an attorney's fee in this case. In appellant's motion for a new trial it is stated "that the only evidence offered or introduced in the trial of said cause as to a reasonable attorney's fee * * * was that such fee would be $100.00." It seems that by inadvertence the testimony relating to the reasonableness of the attorney's fee was omitted from the statement of facts. However, briefs of both parties and the record show that testimony of one attorney, to the

effect that $150 would be reasonable as attorney's fees in this case, was in evidence. Southland Life Ins. Co. v. Norton (Tex. Com. App.) 5 S.W.(2d) 767, announces the rule governing this court in determining whether a judgment for statutory attorney's fees against an insurance company is excessive, which, quoting from the syllabus, is as follows: "Under Rev. St. 1925, art. 1862, prescribing powers and jurisdiction of Court of Civil Appeals to require a remittitur, Court of Civil Appeals, in passing on question whether verdict and judgment against insurance company was excessive as to attorney's fees allowed under article 4736, was not bound by direct testimony in record bearing on issue, but court had right to look to entire record in case, and view matter in light of testimony, record before them, amount in controversy, and their common knowledge and experience as lawyers and judges." See, also, Southland Life Ins. Co. v. Norton (Tex. Civ. App.) 9 S.W.(2d) 752.

With this rule in mind, we have carefully gone into all matters provided in the rule, and have reached the conclusion that an attorney's fee of $150 is excessive in this case, and find and allow an attorney's fee of $100, which we deem reasonable. The judgment is therefore reformed so as to allow only $100 as attorney's fees; but in all other respects the judgment is affirmed.

Reformed in part, and in part affirmed.