

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 2, 1962

Mr. Jesse James
State Treasurer
Austin, Texas

Opinion No. WW-1232

Re: Whether the provisions of
Art. 3272a, V.C.S., re-
quire the reporting of
property in the form of
indebtedness upon which
the statutes of limitations

Dear Mr. James:
has run.

The subject upon which you seek our advice is whether
Article 3272a, V.C.S., originating in House Bill No. 5, Acts
57th Legislature, First Called Session, 1961, Chapter 21, page
25, requires the reporting of indebtedness against which a
statute of limitations has run.

The question of the effect of statutes of limitation on
escheat is one of first impression in Texas. It has, however,
produced a plethora of litigation in other jurisdictions. And,
these decisions reveal a wide divergency of opinion. Be that
as it may, our lodestar must be the law of Texas.

Article 3272a, V.C.S., requires the reporting of "personal
property subject to escheat" to the State Treasurer. Section 1
(b) of the statute defines "personal property" as follows:

> "The term 'personal property' includes, but
> is not limited to money, stocks, bonds and
> other securities, bills of exchange, <u>claims
> for money or indebtedness and other written
> evidences of indebtedness</u>, dividends, de-
> posits, accrued interest, purchase payments,
> sums payable on certified checks, certificates
> of membership in a corporation or association,
> amounts due and payable under the terms of any
> insurance policy, security deposits, unclaim-
> ed refunds and deposits for utility or other
> services, funds to redeem stocks and bonds,
> undistributed profits, dividends, or other
> interests, production and proceeds from oil,

> gas and other mineral estates, and all
> other personal property and increments
> thereto, whether tangible or intangible,
> and whether held within this State, or
> without the State for a person or bene-
> ficiary whose last known residence was
> in this State". (Emphasis Supplied).

Our statute makes no express reference to the effect
statutes of limitation shall have for purposes of reporting
or for purposes of declaring an escheat. This, incidentally,
is in contrast to the escheat statutes of a number of states
where it is provided that the statutes of limitation shall be
inapplicable to the escheat process. See Cal. Code Civ. Proc.
Sec. 1515c; Del. Code Ann. tit. 12, Sec. 1140 (Supp. 1960);
Mich. State Ann. Sec. 26, 1053 (59) (1953); Pa. Stat. Ann. tit.
27, Secs. 261, 446, 473, 376, (Supp. 1953). Also see Uniform
Disposition of Unclaimed Property Act, Sec. 16.

A statute will be construed with reference to the entire
body of law existing at the time of its enactment. It will be
construed with reference to the general system of legislation of
which it forms a part. 39 Tex. Jur. 252, Statute, Sec. 134.
Therefore, in order to arrive at the legislative intent in this
instance, it is appropriate to take cognizance of the effect
statutes of limitation generally have on debts under the law of
this State. It is the settled law of Texas that:

(1) A statute of limitation does not extinguish
the debt but may extinguish the remedy: a moral obligation
remains although the legal remedy is barred if the statute is
plead. Dallas v. Etheridge, 152 Tex. 9, 253 S.W. 2d 640 (1952);
Marathon Oil Co. v. Gulf Oil Corp., 130 S.W. 2d 365 (Civ. App.
1939) modified 137 Tex. 59, 152 S.W. 2d 711; McDaniel v. Willis,
157 S.W. 2d 672 (Civ.App. 1941); Orndoff v. State, 108 S.W.2d 108
(Civ.App. 1937, error ref.); Central National Bank v. Latham &
Company, 22 S.W.2d 765 (Civ.App. 1929, error ref.).

(2) The defense of bar by limitations is not avail-
able unless it is properly, timely and affirmatively pleaded as
a defense: it can be urged or waived, and is waived unless duly
interposed in Court. Rules Civ. Proc., Rules 91 and 94 (formerly
Article 5540 V.C.S.); Gard v. Gard, 244 S.W.2d 884 (Civ.App. 1951);
Travis County v. Matthews, 235 S.W.2d 691 (Civ.App. 1950); Gillian
v. Day, 179 S.W.2d 575 (Civ.App. 1944, error ref.); Silva v. Silva,
181 S.W.2d 868 (Civ.App. 1944); Robertson v. Board of Insurance
Commissioners, 171 S.W.2d 542 (Civ.App. 1943); Patterson v. Shell
Petroleum Corporation, 143 S.W.2d 208 (Civ.App. 1940); Poulter v.
Davis, 130 S.W.2d 914 (Civ.App. 1939); Santa Fe Grain Co. v.

Mr. Jesse James, page 3 (WW-1232)

Minneapolis Moline Power Co., 86 S.W.2d 835 (Civ.App. 1935, error ref.); Grayburg Oil Company v. Corpus Christi Gas Company, 69 S.W.2d 216 (Civ.App. 1934); 28 Tex. Jur. 285, Limitation of Actions, Sec. 191.

(3) The defense of bar by limitations is a personal privilege of the debtor and cannot be asserted by one who does not owe the debt, or is not a successor to the right or title of the property involved, or is not a lien holder, or who does not in some manner have a proprietary interest in the property. Kiel v. Staber, 116 S.W.2d 809 (Civ.App. 1938, error ref.); In re Dallas Levee Improvement District 63 F.Supp. 342 (1945); Johnson v. Snaman, 76 S.W.2d 824 (Civ.App. 1934, error ref.); National Life & Accident Insurance Company v. Hines, 50 S.W.2d 364 (1932) 28 Tex. Jur. 97, Limitation of Actions, Sec. 20.

(4) The running of a statute of limitations is suspended during the period the creditor is under certain disabilities, such as absence from the state, imprisonment, minority, death, coverture, insanity.   Articles 5535, 5537, 5538, V.C.S.

(5) The debtor may be estopped from invoking the defense of bar by limitations where such person has been guilty of fraud, misrepresentation, duress, undue influence or other inequitable conduct which has prevented the filing of an action on the debt within the period of limitations.  City National Bank v. Strickland, 273 S.W.2d 667 (Civ.App. 1954) (error ref., n.r.e.); Montos v. San Saba Peanut Growers Association, 268 S.W.2d 761 (Civ. App. 1954); Schultze v. Schultze, 209 S.W.2d 791 (Civ.App. 1948); (error ref.); Elsesser v. Cotham, 250 S.W.2d 591 (Civ.App. 1950); Wells Fargo Bank & Union Trust Co. v. Titus, 41 F.Supp. 17 (1941); reversed 134 F.2d 223 (C.C.A. 5th, 1943); Rauch v. Hearne, 189 S.W. 2d 342 (Civ.App. 1945); Waco v. Thralls, 172 S.W.2d 142 (Civ.App. 1943, error ref.); Brand v. Lindale Canning Co., 85 S.W.2d 323 (Civ.App. 1935, error dism); Goodrich v. First National Bank, 70 S.W.2d 609 (Civ.App. 1934); 28 Tex. Jur. 246, Limitation of Actions, Sec. 149.

In view of the foregoing principles of law, the legislature would not in reason have intended to exclude indebtedness on which the period of limitation has expired from the reporting requirements of the statute.  The mere statement of these rules highlights in bold relief the mischief which would flow from a ruling to the contrary.  To say that such debts are not to be reported would be to place the holder of such indebtedness in the position, not only of judge and jury, but of clairvoyant as well. It would ignore the following incontrovertable facts:  (1) the debtor, even if the holder and debtor be one and the same, might

or might not later waive the plea by agreement; (2) the debtor might or might not later assert the plea in court; (3) the debtor might or might not make the plea in a timely and proper manner, if and when an action is ever commenced to collect the debt by escheat; (4) the rightful owners of the property might or might not appear and claim the debt in answer to the notices that are posted following the report; (5) there might or might not be a plea of disability on the part of the creditor which would remove the bar; (6) a court and/or jury might or might not agree that the facts support the defense of bar by limitations.

The holder cannot possibly know to a certainty whether the defense of limitations on a given debt will ever be made and, if made, sustained by a court. In this State, the bar by limitations is, in effect, non-existent unless and until made in court. The defense amounts to no defense unless it is made at the proper time and in the proper manner. It is, of course, the function of the judge, and not the debtor, to pass on these questions, and even the judge cannot do so until the matter comes before him in an action on the debt in court. The debt remains an indebtedness for all purposes until, if ever, the plea by limitations is made and sustained in court. Until that time it cannot be known whether the plea is waived and, if not waived, whether it is overcome by other evidence of disability or fraud, misrepresentation, duress or some other form of inequitable conduct on the part of the debtor.

We cannot believe that the legislature was attempting in Article 3272a, V.C.S., to award a debtor the benefit of the defense of limitations without requiring him to make and prove such plea in accordance with the law as it has heretofore existed in this State.

Further, if the statute be interpreted so as to confer the defense of limitations on a debtor before he has claimed and established it by the law as we have hitherto known it, such fact would likely render Article 3272a unconstitutional on the ground that it attempts to amend other statutes and creates new legal rights and liabilities without giving due notice thereof in the caption of the act, in violation of Section 35, Article III of the Constitution of Texas. If an act is fairly susceptable of two constructions, under one of which it would be constitutional and under the other of which it would be unconstitutional, the former must prevail. 39 Tex. Jur. 207, Statutes, Sec. 3.

There is yet another doctrine in this area of the law of which we must take notice. In Texas, when a cause of action

has become barred by a statute of limitations, the party in whose favor the statute has run acquires a vested right to rely on the defense of bar by limitations, a right which cannot be divested by the legislature in subsequent legislation. This right is protected from legislative impairment in Section 19, Article I, of the Constitution of Texas. Wilson v. Work, 122 Tex. 545, 62 S.W.2d 490 (1933); McCutheon & Church v. Smith, 111 Tex. 544, 242 S.W.454 (1922); Cathey v. Weaver, 111 Tex. 515; 242 S.W. 447 (1922); Mellinger v. City of Houston 68 Tex. 37, 3 S.W. 249 (1887); Wells v. Smith, 144 S.W.2d 430 (Civ.App. 1940); Connaday v. Martin, 98 S.W.2d 1009 (Civ.App. 1936); Johnson v. Steele 87 S.W.2d (Civ.App. 1935); Lone Star Gas v. Harris, 45 S.W.2d 664 (Civ.App. 1932); Hoard v. McFarland, 229 S.W. 687 (Civ.App. 1921, error ref.); Grigsby v. Peak 57 Tex. 142. But the act of reporting personal property subject to escheat and on which the period of limitations has run, does not give the state the property, nor in any manner force the debtor to waive his defense of bar by limitations. His time to interpose the defense will come if and when the property is sought to be declared escheated to the State.

We do not wish to be understood as ruling that the defense of limitations is or is not a defense in an action by the State of Texas to have personal property declared escheated to the State. That question is not before us. We make a distinction between personal property which is required to be reported and personal property which is actually escheatable.

Viewing the statute in its entirety, one cannot help but see that the reporting of personal property to the State is not the equivalent of escheating the property to the State. Such property is far from being ipso facto escheated to the State upon the filing of the report. The fact that the property is "personal property subject to escheat", as defined in our statute, and, therefore, required to be reported, does not mean that it will be declared escheated to the State.

Under Article 3272a, after the reports of debts and other personal property "subject to escheat" are received by the State Treasurer, notices are posted so that anyone who wishes to make a claim to the property may appear and do so. If no claim is made within a certain time the property is then, and only then, deemed abandoned and reported to the Attorney General for the purpose of instituting a suit to the end of escheating and vesting title in the State of Texas. The State does not become the owner of the property except by virtue of a judgment of a court in a suit for such purpose. Between the time the property is reported and the time such suit is commenced

the rightful owners may appear on the scene to assert a valid claim which removes the necessity of a suit to escheat the property. In short, the legislature obviously viewed the reporting of the property and the escheat of the property as two different things. Therefore, the requiring of the reporting of debts against which a period of limitations has run does not repeal or amend the applicable statutes of limitations and does not revive a cause of action which has been barred by the statute of limitations. Neither can it be said that the reporting takes property without due process of law. The property does not leave the possession of the holder by virtue of the reporting. If it is ever removed it is in consequence of a later proceeding in court.

It should be borne in mind that statutes such as the one in question are not solely for the benefit of the state. They are for the benefit of the unknown claimants of the property as well. Their object is to promote the discovery of the rightful owners of such property and to protect such property from deterioration and dissipation for the owner should he eventually appear. 61 Col. Law Rev. 1330, Origins and Development of Modern Escheat, (Nov. 1961). The emergency clause of House Bill No. 5 recites that the "present laws providing for the protection of abandoned property and the location of unknown owners and missing heirs...are inadequate". The provisions of the statute for posting of notices and service by publication on the unknown claimants reflect a legislative intention to find the rightful owners. And the provisions for the maintenance of a fund from which the rightful owners may later obtain reimbursement confirms this intention. The statute, in brief, discloses a design to get certain personal property out in the open where those who might have a claim to it can make their claim for whatever it may be worth. The view we take of this statute is in harmony with this manifest legislative design and, hence, is in consonance with the accepted rule of statutory interpretation whereby enactments are construed, if possible, so as to carry out their purpose.

The State Treasurer is authorized by Section 12 of Article 3272a to make necessary rules and regulations to carry out the provisions of the statute. Pursuant to this power, he may, of course, prescribe the forms and details of reporting under the statute.

## SUMMARY

Article 3272a, V.C.S., requires the reporting of indebtedness against which a statute of limitations has run.

Very truly yours,

WILL WILSON
Attorney General of Texas

BY
Henry G. Braswell
Assistant Attorney General

hgb/maj

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman

Vernon Teofan
Bob Shannon
John Reeves
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.